Russell *v.* Mann.

---

## RUSSELL *v.* MANN *et al.*

ALL the provisions of the statutes for the assessment of taxes, and for the sale of property for their non-payment must, in their substance, be strictly pursued, in order that a title acquired at such a sale shall be valid.

Whenever a tax title is specially set forth in a pleading, it is necessary that every

fact should be averred which is requisite to show that each of the statutory provisions has been complied with.   This necessity is not obviated by the provisions making the tax deed proof of certain facts.

In pleading a tax title, it is necessary to aver those facts which, by Secs. 18 and 22 of the Revenue Act of 1857, are required to be stated in the tax deed.

A pleading, setting up a tax title, must aver distinctly for what year the tax was assessed, and failing to do so, is demurrable.

It will not be inferred that a tax was levied for a certain year, from an averment that in that year the assessor entered the levy on the assessment roll.

Whether, under the provisions of the Revenue Act of 1857, it would be sufficient, in pleading a tax title, to state that the property "was assessed," without stating the acts done to constitute the assessment, or the officer by whom, or time of year when done—*Query?*

APPEAL from the Sixteenth Judicial District.

This was an action to recover a quartz mill, in Amador County, in which the defendant set up title under a tax deed.   The answer upon this point avers, " that by virtue of an act of the Legislature of the State of California, entitled ' An Act to provide Revenue for the Government of the State,' passed May 15th, 1854, and the several acts amendatory thereof, and by virtue of an act entitled ' An Act to provide Revenue for the support of the Government of the State,' passed April 29th, 1857, a tax was imposed upon certain improvements situated within the limits of said County of Amador, and described on the tax list or assessment roll as follows : ' one quartz mill situated on Rancheiro Creek, one half a mile below the town of Rancheiro, in township No. 4,' (which is the same mill sued for in said complaint), which improvements were assessed to Rancheiro Quartz Mining Company ; and that on the third Monday of October, A. D. 1859, the tax being unpaid, W. J. Pough being at the time last aforesaid Sheriff and Tax Collector of the said County of Amador, on that day, at the close of his official business, did enter upon the tax list or assessment roll a statement that he had made a levy upon all the property assessed on said roll upon which the taxes had not been paid, in which description was included the above described property."   The answer continued to allege in detail, and in proper form, a pursuance of all the requirements of the revenue law subsequent to the levy, and including the making of the tax deed, under which defendant claims.

The plaintiff demurred to this answer on the ground that it did not state facts sufficient to constitute a defense, and particularly that it did not show that any valid assessment of the property had been made, as required by the revenue law.

The demurrer was sustained. Plaintiff had judgment, and the defendant appeals.

*Selden S. Wright,* for Appellant.

It is alleged as ground of demurrer, that the answer fails to show when, by whom, in what manner, and to what amount, said alleged tax was imposed, levied, and assessed, upon the property therein mentioned.

This is not essential to the validity of a tax sale, or necessary to be pleaded. Sec. 23 (Wood's Digest, 621) is as follows: " The matters directed by Sec. 18 to be substantially recited in the tax certificate, and by Sec. 22, in the deed, shall be deemed and they are hereby declared to be all the requisites essential to the validity of sales made for taxes or assessments," etc.

Then referring to Sec. 18 to find what these only essentials are, we find them to be stating, substantially : 1st, that the property was assessed—(this is stated in our answer); 2d, giving when known the name of the person to whom it was assessed—(this is also stated) ; 3d, that taxes were levied on it according to law— (this is also stated) ; and so of all the other particulars enumerated in that section.

*James F. Hubbard,* for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

All the provisions of the statute for the assessment of taxes and for the sale of property for their non-payment must, in their substance, be strictly pursued in order that a title acquired at such a sale should be valid. Whenever a tax title is specially set forth in a pleading it is necessary that every fact should be averred which is requisite to show that each of the statutory provisions has been complied with. Owing doubtless to the number of acts required to

be done in the assessing and levying of taxes, and in the proceedings to sell property for their non-payment, and the embarrassments attending the proof of many of them, especially after the lapse of any considerable time, the Legislature has provided that the deed executed upon such a sale shall state certain of these essential facts, and shall be proof of the matters by it set forth, subject to certain exceptions. But this provision as to the effect of the deed as evidence does not dispense with the necessity of averring every essential fact in a pleading in which a tax title is specially set forth.

Sec. 23 of the Revenue Act of 1857 provides that the matters directed by Secs. 18 and 22 to be recited in the deed shall be all the requisites essential to the validity of sales made for taxes. By these sections it is required that the deed, among other things, shall state substantially " that the property was assessed, giving (when known) the name of the person to whom it was assessed; that taxes were levied on it according to law ; that these taxes had not been paid." In pleading a tax title it is necessary among other things to aver these facts. For the purpose of making these averments, the defendant in his answer alleges that under the Revenue Acts of 1854 and 1857 a tax was imposed upon certain improvements (being the property in suit), which improvements were assessed to the Rancheiro Quartz Mining Company, and that on the third Monday of October, 1859, the tax being unpaid, the Tax Collector made an entry on the assessment roll that he made a levy upon all the property assessed on said roll and upon which the taxes had not been paid, in which description was included the property in suit.

The allegation does not state for what year the tax was imposed on which the sale was made, nor does it state by whom the assessment was made, nor any facts by which it would appear that it was made within the periods of the year and in the manner prescribed by the statute. Supposing that by virtue of Secs. 18, 22, and 23 of the Revenue Act of 1857, it would be sufficient to state in the language of the statute, that the property " was assessed," without stating the acts done to constitute the assessment, or the officer by whom, or time of the year when done (and as to which it is not intended to express an opinion), nevertheless it was, in our

opinion, necessary to state distinctly for what year the tax was assessed.   Taxes are to be levied and property assessed each year. Notwithstanding any statements in a tax deed, proof may be made that the tax was paid.   (Sub. 3, Sec. 23.)   In order to make such proof in this case, it would have been necessary for the plaintiff to reply such payment, and for such purpose some particular tax should have been averred in the answer.   It may be argued that it is to be inferred that the tax was imposed for the year 1859 from the averment that in October of that year the assessor entered the levy on the assessment roll.   This averment is not made as a description of the tax, but to show that a levy was made on the day of the year prescribed by statute, and we do not think an inference to be drawn from such a statement is equivalent to an allegation of this material fact.

The demurrer was therefore properly sustained, and the judgment is affirmed.