[No. 13787. Department One. — February 16, 1892.]

# WILLIAM ROLLINS, RESPONDENT, *v.* JOHN A. WRIGHT, APPELLANT.

TAX DEEDS — PRIMA FACIE EVIDENCE — CONCLUSIVENESS — POLITICAL CODE. — Section 3786 of the Political Code, making the recital of the matters required to be recited in tax deeds *prima facie* evidence of their truth, and section 3787 of the same code, providing that as to all other matters the deed is conclusive, are valid and effective, and do not deprive the property-owners of any substantial rights because limiting their defense to the proof of such matters as show that they do not justly owe the tax, and not allowing them to assail the regularity of proceedings not affecting their substantial rights.

ID. — CERTIFICATE OF TAX SALE — FILING FOR RECORD — FEES — DUTY OF RECORDER. — The filing for record of a certificate of tax sale being a public duty of the recorder for which no fees are provided, the presentation of such certificate by the tax collector to the recorder for filing is a sufficient filing, so far as affects the rights of the purchaser, although the recorder does not mark it filed, because of the non-payment of fees demanded by him.

ID. — NOTICE OF APPLICATION FOR TAX DEED — AMENDMENT OF CODE — PRIOR RIGHT VESTED. — Section 3785 of the Political Code as amended in March, 1885, providing that notice must be given by a purchaser of real property at a tax sale of his application for a deed, does not apply to a purchaser whose right to a deed had become absolute by expiration of the time for redemption before the taking effect of the amendment, no such notice having been required prior thereto.

ID. — CONSTITUTIONAL LAW — OBLIGATION OF CONTRACTS — EXTENSION OF TIME FOR REDEMPTION. — To extend the time for redemption is to alter the substance of the contract, and *a fortiori* would a law giving a right to redeem when by the law under which the purchase was made the right to the deed has become absolute.

ID. — FISCAL YEAR. — The fiscal year begins on the 1st of July, and ends with the 30th of June following.

ID. — ASSESSMENT — PRIMA FACIE EVIDENCE — BURDEN OF PROOF. — A tax deed establishes the assessment *prima facie*, and it is not necessary for the grantee to show, in an action by him to quiet title, that the one to whom the property was assessed had title thereto, but the burden is on the defendant to establish the contrary.

ID. — SALE UNDER LOCAL STATUTE — CONSTITUTIONAL LAW. — A tax sale made under a local statute prior to the adoption of the constitution of 1879, forbidding local legislation, is not subject to objection on the ground that the law contravened section 25 of article IV. of the constitution.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*John A. Wright*, and *Arthur Rodgers*, for Appellant.

*William & George Leviston*, for Respondent.

TEMPLE, C. — Appeal from judgment and order refusing new trial.

This action is to quiet title to lots in San Francisco. Plaintiff claims under tax collector's deeds, and all the questions in the case are as to the validity of such deeds.

There are four tax deeds, — three based on sales made in 1882 for the assessments made in 1881, for the fiscal year ending June 30, 1882, to A. F. Hinchman, the fourth on a sale made in 1880, for an assessment for the fiscal year ending June 30, 1880.

The deeds were read in evidence, against defendant's objections, which were as follows, so far as urged on this appeal: 1. The certificates of sale were not filed in the office of the county recorder; 2. No notice of the application for the deeds, under section 3785 of the Political Code, was given; 3. The assessment and sale were not for any fiscal year; 4. No title or claim of title was shown in A. F. Hinchman, to whom the property was assessed.

And it is further claimed here, — although such points were not made in the court below, — 1. That defendant is a purchaser for value without notice; and 2. The sale was under a local statute which violated section 25, article IV., of the constitution, and is therefore void.

The respondent contends that the tax deeds are conclusive upon all these points.

Section 3786 of the Political Code provides that the deed shall recite, and that the recitals shall be primary (*prima facie*) evidence of their truth, eight enumerated facts: 1. The assessment; 2. Equalization; 3. Tax levy; 4. Non-payment of tax; 5. The property was regularly sold; 6. Has not been redeemed; 7. Grantor was proper officer to execute deed; and 8. When sold to pay tax on personalty, that owner of the property was liable for the tax.

The next section makes the deed " conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed."

The first of the above sections has the effect, as to matters required to be recited in the deed, to shift the burden of proof, but leaves the owner of the property free to establish by proof that such facts do not exist. As to other matters the deed is made conclusive.

We see no valid objection to these provisions. If the property-owner held property which was liable to taxation, which had been properly assessed, for a tax duly levied, which had not been paid, but allowed to become delinquent, and the property had been sold as required by law, and not redeemed, there is no hardship in providing that he shall not take advantage of mere irregularities which did not affect his substantial rights, to avoid the effect of his delinquency.

The matters which he is expressly authorized to dispute enable him to raise every point essential to a just defense. Justice does not require that he should be entitled to interpose pure technicalities.

These stringent provisions were made to enable the state to collect its revenues, and property-owners owe the duty to the government to pay taxes when due, and are not deprived of any substantial rights when they are limited in their defense to such matters as show that they do not justly owe the tax.

We cannot do better than to adopt the language of the supreme court of the United States in *De Treville* v. *Small*, 98 U. S. 525, upon a similar point: "Besides, all possible attack upon the *prima facies* of the certificate was limited by the express provisions of the act, which enacted, as before stated, that it should only be affected as evidence of the regularity and validity of sale, by establishing the fact that the property was not subject to taxes, or that the taxes had been paid previous to sale, or that the property had been redeemed. This left to the owner of lands subject to the tax every

substantial right.  It was his duty to pay the tax when it was due.  His land was charged with it by the act of Congress, not by the commissioners; and the proceeding ending in a sale was simply a mode of compelling the discharge of his duty.  All his substantial rights were assured to him by the permission to show that he owed no tax, that his land was not taxable, that he had paid what was due, or that he had redeemed his land after sale.  He was thus permitted to assert everything of substance, — everything except mere irregularities. We do not feel at liberty to disregard the plain intention of the acts of Congress.  We are not unmindful of the numerous decisions of state courts which have construed away the plain meaning of statutes providing for the collection of taxes, disregarding the spirit, and often the letter, of the enactments, until of late years the astuteness of judicial refinement had rendered almost inoperative all legislative provisions for the sale of land for taxes.  The consequence was, that bidders at tax sales, if obtained at all, were mere speculators.  The chances were greatly against their obtaining a title.  The least error in the conduct of the sale, or in the proceedings preliminary thereto, was held to vitiate it, though the tax was clearly due and unpaid.  Mr. Blackwell, in his treatise on Tax Titles, says (p. 71) 'that out of a thousand cases in court (of tax sales), not twenty have been sustained.'  To meet this tendency of judicial refinement, very many states have of late adopted very rigid legislation.  The acts of Congress we are considering must have had it in view.  Hence the stringent provisions they contain.  They declare, in effect, that the certificate of the commissioners' sale shall be ·evidence of compliance with the preliminary requisites of the sale, and that this evidence shall be rebutted only by proof of one or the other of three specified things. There is no possible excuse for not enforcing such statutes according to their letter and spirit."

If this position be correct, the appellant is not in a position to make his first objection that the certificates

were not filed by the recorder; but waiving, for the time, this point, and looking into the evidence, it shows that they must be held to have been properly filed, so far as that fact can affect the rights of the purchaser. It was the duty of the tax collector to present them to the recorder for filing. This he did. The recorder received them, but did not mark them filed, because no fees were paid him. It was a public duty for which no fees are provided. They must be deemed to have been filed. (*Page* v. *Rogers*, 31 Cal. 307; Civ. Code, sec. 1170; *Donald* v. *Beals*, 57 Cal. 399; *Tregambo* v. *Comanche Mining Co.*, 57 Cal. 506.)

The second point, that no notice was given of the application for the deed, under section 3785 of the Political Code, the defendant is, perhaps, not precluded from making. Whether he is or not need not be decided in this case, for we think no such notice was necessary.

Section 3785 was amended, so as to require notice, in March, 1885. Before that no notice was required. Long prior to this amendment the purchaser's right to a deed had become absolute. When the law was amended the owner had no right to redeem, and the legislature could not deprive the purchaser of his absolute right.

*Oullahan* v. *Sweeny*, 79 Cal. 537, 12 Am. St. Rep. 172, does not hold to the contrary. On the other hand, the intimations are in favor of these views. There the time for redemption had not expired when the amendment took effect, and the court held that it did not have the effect to extend the time for redemption, and said: " It may be assumed, for the purposes of this case, that the legislature cannot make an absolute extension of the time." Even if the legislature could do that, it would fall far short of the necessities of this case. Here, under the provisions of the statute, the time for redemption had fully expired before the amendment, and if it applies, its effect may be to compel one fully entitled to a deed conveying property worth many thousand dollars to accept in lieu of it a small sum.

The cases upon this subject are collected by Cooley in his work on Constitutional Limitations, page 353. They

are not all in accord, but none of them go to the extent requisite to sustain the contention of appellant. The learned author says that "to extend the time for redemption is to alter the substance of the contract, as much as would be the extension of the time for payment of a promissory note."

*A fortiori* would a law giving a right to redeem when by the law under which the purchase was made the right to the deed has become absolute.

3. It is claimed that the assessment was not made for any fiscal year. That point seems to be the result of pure carelessness.

Section 5, article XX., of the constitution provides that "the fiscal year shall commence on the first day of July." Of course, it would end with the 30th of June.

The fourth point is, that no title was shown in Hinchman. No such showing was required. The deed establishes the assessment *prima facie*. If it were essential to the validity of the assessment that Hinchman should have been the owner, it was incumbent on the defense to negative the fact, which had been established by *prima facie* proof.

The defendant was not an innocent purchaser without notice. (*Reeve* v. *Kennedy*, 43 Cal. 644.)

As we have seen, the certificates must be deemed to have been filed. If other parties have suffered from the failure of the recorder to do his duty, their remedy must be against him.

The point that the sale was under a local law which contravened section 25, article IV., of the constitution seems also to be an inadvertence. The law was passed before the constitution was adopted, and not amended until after the tax sales were made.

We think the judgment and order should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.