[No. 19041.   Department One. — March 2, 1893.]

## CLAUS HAAREN, RESPONDENT, v. J. E. HIGH, APPELLANT.

TAXES — SALE OF REAL PROPERTY — NOTICE OF REDEMPTION. — Where real property was sold for taxes, and the time for redemption had expired prior to the amendment in 1885 of section 3785 of the Political Code, requiring notice of redemption to be given, no such notice was necessary to the validity of a tax deed.

ID. — EXPIRATION OF TIME FOR REDEMPTION — FINDING. — In an action to recover possession of land, where the defendant claimed title under a tax deed, a finding by the court that the property was sold by the tax collector to the defendant in the proceedings for the collection of delinquent taxes for the year 1883, and that a deed was executed therefor on July 7, 1885, sufficiently shows by unavoidable inference that the sale could not have been later than March, 1884, and that the year allowed for redemption after the sale had expired, before the execution of the tax deed, and before the taking effect of the amendment to the Political Code requiring notice of redemption.

ID. — PROOF OF PUBLICATION — EFFECT OF TAX DEED. — A tax deed is conclusive evidence that proper proof was made of publication by filing with the clerk and recorder of the county the affidavit required by section 3769 of the Political Code.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Works, Gibson & Titus,* for Appellant.

*Sylvester Kipp,* for Respondent.

TEMPLE, C. — The action was brought to recover possession of land. Defendant denies plaintiff's title, claims title and right of possession in himself, and pleads the statute of limitations.

The case was tried without a jury, and the court found as facts: That plaintiff acquired title to the demanded premises in June, 1882; that on the seventh day of July, 1885, the tax collector of San Diego County — where said property is situated — executed to defendant four tax deeds, being one for each lot described in the complaint. The deeds were executed in the proceedings for the collection of delinquent state and county taxes for the year 1883, under the provisions of the Political Code, but did not show that any notice of redemption was given, as required by section 3785 of the Political Code as amended in 1885.

The deeds were recorded by defendant on the day of their execution, and defendant has ever since claimed to be the owner of the lots, has paid all taxes levied upon them, and in 1886 inclosed the entire property by a fence.

It is contended by plaintiff and respondent that the deeds are void, because no notice was given as required by the section above cited.

To this it is replied, that the time for redemption had expired before section 3785 was amended so as to require notice. Therefore no such notice was required in this case. (*Rollins* v. *Wright*, 93 Cal. 395 )

But it is again contended that it does not appear that the full year allowed for redemption had expired, for the reason that the finding does not state when the sale was made for taxes.

Admitting that in such case the burden would be on defendant to show that such notice was not required, I think the fact is made to appear by unavoidable inference from the facts which are stated. The amendment was made to the Political Code, so as to require that such notice be given, February 12, 1885. The property was sold by the tax collector in the proceedings for the collection of the taxes for 1883. There is no such fiscal year, but the finding must be understood as referring to the taxes levied, for which assessment is made and

which are payable in that year, and which became a lien upon property on the first Monday of March, 1883.

The tax collector was required to publish the delinquent tax list on or before the first Monday in February. (Pol. Code, secs. 3764, 3765.)

The sale of property delinquent for taxes must commence not later than twenty-eight days after the first publication (Pol. Code, sec. 3763), and be completed within three weeks after the day first named for the commencement of the sale. (Pol. Code, sec. 3772.)

The sale, therefore, as is shown by the facts found, could not have been later than March, 1884.

Section 3785 was amended so as to require the notice, February 12, 1885, and took effect sixty days thereafter, to wit, April 15th. The time of redemption, therefore, had fully expired before the law took effect, as amended.

It is claimed that the deed is void because the tax collector did not file with the clerk and recorder of the county the affidavit required by section 3769 of the Political Code. The findings show that an affidavit in full accord with the provisions of that section was filed, but it was the affidavit of the tax collector. This is objected to, because section 2010 of the Code of Civil Procedure provides that evidence of the publication of a notice required by law to be published in a newspaper may be furnished by the affidavit of the publisher or his principal clerk. It is not necessary to determine which is the proper mode of proving the publication, for the reason that the deed is conclusive that the proper proof was made. (Pol. Code, sec. 3787; *Rollins* v. *Wright*, 93 Cal. 395.)

I think the judgment should be reversed, and the lower court directed to set aside the judgment entered, and to enter judgment for the defendant on the findings.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is directed to set aside the judgment entered, and to enter judgment for the defendant on the findings.

PATERSON, J., HARRISON, J., GAROUTTE, J.