[L. A. No. 1839. In Bank.—February 8, 1908.]

A. LESTER BEST, Respondent, v. A. W. WOHLFORD et al., Appellants.

TAXATION—DEED FOR IRRIGATION DISTRICT TAX—DESCRIPTION OF LAND —OBJECTION FOR UNCERTAINTY—EVIDENCE—IDENTIFICATION.—Where a tax-deed executed for non-payment of an irrigation district tax was objected to for uncertainty in the description of the land, the objection is sufficiently met by evidence showing that the description was in fact sufficient clearly to identify the land.

ID.—SALE OF WHOLE INTEREST—LEAST QUANTITY OBTAINABLE.—Where the tax-deed described the land assessed, and stated that the collector offered for sale the least quantity or smallest portion thereof to pay the assessments, costs, and charges, and that the grantee named was the bidder who was willing to take said least quantity and pay the same, and described said least quantity or smallest portion of the said land as the whole thereof again described and granted by the deed, the deed clearly shows that the whole of the land was the least quantity which any bidder was willing to take, and that the whole was in fact sold and intended to be conveyed by the deed.

ID.—CERTIFICATE SHOWING TIME FOR REDEMPTION—RECITAL IN DEED.— Where the law required the certificate of sale to show the time for redemption, and that the matters contained in the certificate must be recited in the deed, a recital in the deed showing that the certificate stated that unless the said real estate was redeemed within twelve months from the specified date of said sale the purchaser would be entitled to a deed thereof, such recital in the deed sufficiently shows that the certificate complied with the requirement of the statute in stating the time for redemption.

CLIII Cal.—2

ID. — DOUBLE ASSESSMENT — BOND ISSUE — SPECIAL ASSESSMENT FOR EXPENSES—ASSESSMENT-ROLL—TAX-DEED—PRIMA FACIE EVIDENCE. .—The objection that the assessment-roll showed a double assessment, one for a bond issue and the other a special assessment for expenses, which were not stated separately in the notice of sale, certificate of sale, or deed, goes to matters not shown on the face of the tax-deed, and was not a good objection to its admission in evidence as *prima facie* evidence of all prior proceedings.

ID.—DESCRIPTION OF PROPERTY IN NOTICE OF SALE—DITTO MARKS— ABBREVIATIONS—STATEMENT IN NOTICE.—Though the notice of sale is that to which the taxpayer is absolutely entitled, and is not concluded by the deed, yet the use therein of ditto marks and abbreviations which could not mislead and which are explained in the notice, do not affect its validity or the sufficiency of its compliance with the law.

ID.—AGGREGATE AMOUNT OF ASSESSMENTS—AGGREGATE OF TAXES, PERCENTAGE, AND COSTS.—The law does not require two assessments for the same year, on account of bond issue and for current expenses of the irrigation district, to be separately stated in the notice of sale, certificate of sale, or deed; and it is sufficient that the aggregate amount of the assessments and the aggregate amount of the taxes, percentage, and costs are correctly stated therein.

APPEAL from a judgment of the Superior Court of San Diego County. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Cassius Carter, and Withington & Carter, for Appellants.

Luce, Sloan & Luce, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendants from a judgment given in favor of plaintiff in an action of ejectment involving the title to lot four in block 178 of the Rancho Rincon del Diablo, in San Diego County, California.

Plaintiff was the owner of such property unless defendant Sadie B. Wohlford had succeeded to the title under a deed of conveyance, dated October 25, 1897, executed to her by E. J. Hatch, collector of the Escondido Irrigation District, in pursuance of a sale for the non-payment of irrigation district taxes for the year 1894.

Plaintiff having shown acquirement of the title to the property, defendants offered the tax-deed in evidence. Objection was made to its admission on various grounds, which

will hereafter be considered, and ruling on such objection was reserved by the court. The defendants then introducing further evidence, which was admissible for the purpose of showing, and which established, under the decision upon a former appeal (*Best* v. *Wohlford,* 144 Cal. 733, [78 Pac. 293]), that the description of land contained in the deed and assessment sufficiently identified the land, apparently rested. Plaintiff then offered evidence in rebuttal consisting of the assessment, the notice to the assessment payers, the delinquent list and notice of sale, and the certificate of tax-sale, for the purpose of showing defects in the proceedings, and objection by defendants being made thereto, the court reserved its ruling. Subsequently, in the absence of the parties and their counsel, the court sustained plaintiff's objection to the tax-deed, admitted the evidence offered by plaintiff in rebuttal, and gave judgment for plaintiff.

1. The grounds of objection to the tax-deed were substantially as follows: 1. That the deed designated no map or other data by which the identity of the land can be determined. 2. That the deed does not contain any description of the real estate conveyed, or, at least, is ambiguous and uncertain as to such description. 3. That the deed does not specify the time when the purchaser at the sale was entitled to a deed. 4. That it appears from the assessment-roll of the year 1894 on which the sale was made that there were two assessments, the regular assessment for the bond issue and a special assessment voted by the people of the district for expenses for the year, and these assessments are not separately set out either in the notice of sale, or in the certificate of sale or in the deed.

The first ground of objection was answered by the evidence showing that the description was in fact sufficient to clearly identify the land. (*Best* v. *Wohlford,* 144 Cal. 733, [78 Pac. 293]. See, also, *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352].)

The second ground of objection is based on the claim that the deed does not show what portion of or interest in the described premises was sold, the law providing that "the person who will take the least quantity of the land . . . and pay the assessments and costs due, including two dollars to the collector for the duplicate certificate of sale, is the pur-

chaser.'' (Act of March 7, 1887, sec. 27, Stats. 1887, p. 39.)
A labored effort is made in this behalf to show that the deed
purports to convey the ''least quantity, or smallest portion of
the said land,'' without designating what such least quantity
or smallest portion is, thus leaving the deed without descrip-
tion of the exact property conveyed. Such, however, is not
a fair or reasonable construction of the provisions of the
deed. The deed, having theretofore given a description of
the parcel of land, and stated that the collector offered for
sale the least quantity or smallest portion thereof to pay the
assessments, etc., and that P. J. Anshutz was the bidder
who was willing to take the least quantity thereof and pay
the assessments, etc., stated ''That the said least quantity or
smallest portion of the said land lying and being within the
said Escondido Irrigation District, county and state afore-
said, described as follows, to-wit:

''Lot four (4) block one hundred seventy eight (178), 14.42
acres, Rancho Rincon del Diablo, was by said William
Beckeler, collector aforesaid, struck off to the said P. J.
Anshutz, who paid the full amount of said assessments, costs
and charges, and therefore became the purchaser of the last
described piece or parcel of land. That the said real estate
last aforesaid was sold for assessments, and subject to re-
demption . . .''

The granting clause stated that the collector thereby
granted, etc., ''all that lot, piece or parcel of land so sold
and hereinbefore and lastly described in this deed.'' To
our minds this clearly shows that the whole of said lot 4
was the least quantity which any bidder was willing to
take, and that such whole was in fact sold, and was intended
to be conveyed by the deed.

The objection that the deed did not specify the time when
the purchaser at the sale was entitled to a deed, evidently
meant that it was defective in not showing that the certificate
of sale contained a sufficient specification of the time when
the purchaser would be so entitled, for there was in the law
applicable no other requirement in this behalf. The law
required the certificate to specify, among other things, the
time when the purchaser will be entitled to a deed, (Act of
March 7, 1887, sec. 27, Stats. 1887, p. 40), and also that the
matters stated in the certificate must be recited in the deed.

(Sec. 30 of same act, and sec. 48 of Act of March 31, 1897, [Stats. 1897, p. 271].) The recital in the deed in this connection was: "And, whereas, said certificate stated that unless the said real estate was redeemed within twelve months from date of such sale, the purchaser thereof would be entitled to a deed thereof. That said certificate of sale bears date the 18th day of February, 1895, the day of said sale." This shows a plain statement in the certificate that the purchaser would be entitled to a deed at the expiration of twelve months from the eighteenth day of February, 1895, which sufficiently complied with the requirement of the statute in that behalf.

The fourth objection rested entirely on matters not shown on the face of the tax-deed, and was not a good objection to the introduction of the deed as *prima facie* evidence of the correctness of the prior proceedings. (Act of 1897, sec. 48, Stats. 1897, p. 271.)

It thus appears that none of the objections to the admission of the deed in evidence was good. It should have been received, and so received would have made a *prima facie* case for defendants.

2. It should be needless to say that the trial court having refused to admit any evidence in support of the tax title, it was error to allow plaintiff to introduce evidence in rebuttal for the purpose of showing that the tax-deed was invalid by reason of defects in the proceedings. In view of the ruling of the court on the tax-deed, there was no case for plaintiff to meet so far as the alleged tax-deed was concerned. Plaintiff, however, urges that the evidence so admitted shows that the attempted conveyance under the tax-sale was invalid, and no prejudice therefore could have accrued to defendants by reason of the exclusion of the deed, and, also, that if the judgment must be reversed on account of the ruling on the deed, this court should for the purposes of a new trial pass upon the objections presented by the evidence admitted in rebuttal. This we will proceed to do.

One of the two objections presented upon this evidence was that there was an insufficient description in the notice of sale of the property to be sold. It may be conceded that such notice was a thing to which the taxpayer was absolutely entitled, and that he could not be precluded from showing want of legal notice by the conclusive evidence provision as

to the effect of a deed. The property was assessed to one J. Mirandetti. The notice of sale, so far as is necessary to show the facts upon which this objection is based, was as follows:

| "Name and Description | Valuation. | Taxes Perc'tg Costs. |
|---|---|---|
|  | $ | $ |
| "Miller E S lot 2 b 170 R R del Diablo |  |  |
| "5 acres | 175 | 6 97 |
| "imp | 600 | 22 18 |
| "Mirandetti J lot 4 b 178          " |  |  |
| "14 42-100 acres | 505 | 19 17" |

The ditto marks, which are of universal usage - and which could not be misunderstood, and the letter "b," which in the connection in which it appears could mean nothing but "block," show the property to be lot 4 in block 178 R. R. del Diablo. The notice, which is set forth in full in the transcript, describes many subdivisions as being of the "R. R. del Diablo," and makes it apparent that it constituted a large part of the irrigation district. We do not see how the owner of lot 4 in block 178 of the Rancho Rincon del Diablo could have failed to know therefrom exactly what property was referred to, and if this be true, the description was sufficient. In addition, the notice specified, immediately after the specification of the date upon which the sale would be made, that certain "abbreviations throughout the advertisement are used as follows: . . . 'R. R. del Diablo' for Rancho Rincon del Diablo." We know of no reason why the taxpayer was not required to observe this part of the notice, which left no room for conjecture or surmise as to the meaning of the abbreviation. The notice sufficiently complied with the law.

The only remaining objection to the validity of the proceedings was that the evidence introduced by plaintiff showed that the sale was made on two separate assessments and levies, and that the amounts of these are not separately stated in either notice of sale, certificate of sale or deed. The assessment-book of the district for the year 1894 had two columns, one being for the amount of assessment for the bond fund which the trustees were required to levy annually,

and the other being for the special assessment for the purpose of paying expenses of organization, including salaries of officers and employees. In these columns opposite the name of each taxpayer and the description and valuation of his property were placed the respective amounts due on each assessment, the entries in the case of Mirandetti being, in the bond assessment column $14.04, and in the special assessment column $3.74. In the notice of sale, as we have seen, there was no specification of these separate amounts, the statement being simply that the amount of taxes paid, percentage, and costs due was $19.17, which was the aggregate of the $14.04 and $3.74, and the penalty for delinquency and accrued costs. The certificate of sale stated that the assessments were levied for the year 1894, the amount thereof being $17.78 (the aggregate of the two assessments), and that the sale was to pay such assessments, amounting to $17.78, and the further sum of $3.39 costs, including two dollars for the duplicate certificate of sale. The deed was the same in this respect as the certificate.

We find nothing in the law applicable to these proceedings which required either notice of sale, certificate of sale, or deed to state separately the amount of each of these assessments. The special assessment provided for is one which the directors are required, if the same is voted by the electors, to levy at the time of the annual levy, and when so levied it is to be entered in the assessment-roll by the secretary of the board, "and collected at the same time and in the same manner as other assessments provided for herein." (Act of 1887, sec. 41, Stats. 1887, p. 44.) A single proceeding for the collection of the aggregate amount due on the various assessments shown by the assessment-book for the year was contemplated. The statute in regard to delinquent list and notice simply provided that the delinquent list must contain "the amount of the assessments and costs due opposite each name and description." A statement of the aggregate amount of all assessments, percentage for delinquency, and costs appears to be a literal compliance with this requirement. It has been held in regard to state and county taxes that, under a statute requiring the delinquent list to state "the amount of taxes, penalties, and costs due, opposite each name and description," it is not necessary to state separately the items

of taxes, penalties, and costs, a statement of the total amount being all that the law requires. (*Chapman* v. *Zoberlein,* 152 Cal. 216, [92 Pac. 188].) The certificate and deed were required to give simply "the amount and the year of the assessment, and the amount paid." This means the total assessment charge shown by the roll for the year. Both certificate and deed showed this amount to be $17.78, the costs to be $3.39, and the amount paid to be $21.17. We think the statute was fully complied with in this matter.

The judgment is reversed and the cause remanded for a new trial.

Shaw, J., McFarland, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.