[Civ. No. 13588. First Dist., Div. One. Mar. 20, 1948.]

NAOMI J. PENAAT, Respondent, v. MILDRED B. GUASCO, as Administratrix, etc., Appellant.

Edmund J. Holl for Appellant.

William H. Penaat for Respondent.

WARD, J.—This is an appeal from a judgment given on the retrial of an action after reversal of a former judgment. (*Penaat* v. *Terwilliger*, 23 Cal.2d 865 [147 P.2d 552].) In the first trial a ruling was made that plaintiff's title was defective in that the required publication in a newspaper of a delinquent tax list appeared in a *supplement* to the newspaper. (Pol. Code, §§ 3766, 3767, 3771a.) The Supreme Court reversed the ruling and held that Political Code, section 3766 as amended in 1921 merely requires publication, and that a list in the folded section of a paper circulated with news and advertising matter complied with the statutory requirement. That appeal was from the whole of the judgment, but the brief filed by plaintiff, appellant in the first appeal, stressed the question of the Political Code sections dealing with the subject of tax sales. The judgment was reversed without specific directions and all parties appear to have assumed that a retrial was required.

The second trial proceeded upon the original pleadings and there is no claim that the evidence on all issues was substantially different. In appellant's reply brief it is stated: "Three questions are involved upon this appeal, to-wit, the insufficiency of the complaint, the insufficiency of the findings, and the insufficiency of the evidence." Appellant urges but does not discuss the insufficiency of the evidence introduced to sup-

port the findings made in favor of plaintiff, but suggests that the trial judge failed to find upon certain material issues presented by the pleadings. It is not claimed that defendant offered findings covering the designated material issues.

It is claimed that the court neglected to find that no notice of sale was given to defendant as provided by statute. It must be assumed that if the court found on this particular item the finding would be in compliance with evidence sustaining the judgment and in accordance with the law of the case. (*Penaat* v. *Terwilliger, supra.*) Counsel for appellant admitted with respect to the notice given, that while not conforming to his personal views "the issue is res judicata."

There may be one technical but trivial error in the findings. It is set forth that the sale was conducted in accordance with the provisions of the Revenue and Taxation Code. The sale was held on July 20, 1940. The provisions of the Revenue and Taxation Code did not become effective until February 1, 1941. (Stats. 1939, ch. 154; Rev. & Tax. Code, § 27.) The corresponding sections in the Political Code were applicable on the date of sale. So far as the findings are concerned, the sale was conducted according to law. Perhaps it should be noted that the answer to the complaint in the "separate and distinct defense" refers to certain similar sections of the Revenue and Taxation Code instead of the Political Code. Appellant called the court's attention to this matter in the closing brief but refers to Revenue and Taxation sections in his opening brief and the answer to the complaint on file. In view of this circumstance the sections of the Revenue and Taxation Code will be cited except when the corresponding Political Code sections illustrate to better advantage. Otherwise the findings only are attacked because they followed the allegations of the complaint, which is claimed to be "obviously insufficient basis for a judgment based upon such complaint." This leaves for consideration the sufficiency of the complaint.

The complaint alleges "That the plaintiff claims title to the following described lands and premises in the county of San Mateo, State of California:—Nly 70' of Lots 7-8, Block 33, Amend Map Town of San Carlos; under and by virtue of a certain tax deed made, executed and delivered to plaintiff pursuant to law on the 20th day of July, 1940, by A. McSweeney, Tax Collector of the said County of San Mateo, State of California, a copy of which deed is attached hereto

. . . said deed being recorded in the office of the County Recorder of San Mateo County on the 27th day of July, 1940, in volume 918 of Official Records, at page 1 thereof. . . . That the plaintiff has paid in taxes on said premises, the following: —June 28, 1940, To A. McSweeney, Tax Collector for deed: $100.00. July 20, 1940, to A. H. Sagehorn, County Treasurer, delinquent taxes for 1934, 1935, 1936, 1937, 1938 and 1939, $39.09.'' Thereupon a correct legal description of the property is set forth. The correct legal description of the property as set forth in the complaint and in the findings is not attacked in the answer to the complaint.

Defendant demurred generally and specifically to the complaint but it was ''overruled for want of prosecution.'' At the end of the present trial, as a conclusion of law the court determined that the plaintiff was the owner in fee simple and entitled to possession. Judgment accordingly was entered.

Defendant recognizes that in the ordinary quiet title suit it is not necessary for the plaintiff to allege his chain of title, but urges that where a tax title is set forth in a complaint compliance with all statutory provisions must be alleged. The following statement from 24 California Jurisprudence, pages 395-396, section 366, is quoted in support of this contention: ''One who sets up a title derived from a sale for delinquent taxes is required to show by appropriate allegations that all the proceedings necessary to the regularity of such sale were had. And this is true despite the fact that the legislature has declared that a deed, duly acknowledged or proved, is primary evidence of certain matters affecting its validity.''

The judgment sustaining a demurrer on the general ground that there are not facts sufficient, etc., was affirmed in *Dye* v. *Dye* (1858), 11 Cal. 163, where the complaint in an action for the division of community property under Statutes of 1850 failed to aver that the property was acquired by the defendant subsequent to the passage of said act. In this connection the court said at page 169: ''. . . as the plaintiff has chosen to rest her case upon the statute, those facts which the statute required as the foundation of the right must be stated in the complaint.''

*Keane* v. *Cannovan* (1863), 21 Cal. 291 [82 Am. Dec. 738] was an action for the possession of real property. Plaintiff traced his title to one Mondolet. Defendants relied upon two tax deeds, but the deeds, proof of the payment of taxes, and Mondolet's abandonment were rejected by the trial court. In affirming the trial court's judgment for plaintiff, the court

stated (p. 299): "The tax deed of the County Treasurer, executed in March, 1851, was inadmissible without preliminary proof that all the requirements of the law authorizing its execution had been complied with." As this case is concerned with rulings on evidence rather than on correctness of pleadings, it does not have great weight in determining the matter at hand.

In *Russell* v. *Mann* (1863), 22 Cal. 131 may be found language supporting appellant's contention. As a defense to an action to recover a quartz mill, defendant set up title under a tax deed, alleging that by virtue of an act passed April 29, 1857, a tax was imposed upon " 'one quartz mill situated on Rancheiro Creek . . .' . . . and that on the third Monday of October, A. D. 1859, the tax being unpaid, W. J. Pough .. . . Sheriff and Tax Collector . . . did enter upon the tax list or assessment roll a statement that he had made a levy upon all the property assessed on said roll upon which the taxes had not been paid, in which description was included the above described property." Plaintiff's demurrer to this answer on the ground that it did not state facts sufficient to constitute a defense, and particularly that it did not show that any valid assessment of the property had been made, as required by the revenue law, was sustained.

As the basis for appellant's argument is upon certain language found in *Russell* v. *Mann, supra,* or on other early cases in which *Russell* v. *Mann* is used as a guide, it may be well to quote further (pp. 133-134): "All the provisions of the statute for the assessment of taxes and for the sale of property for their nonpayment must, in their substance, be strictly pursued in order that a title acquired at such a sale should be valid. Whenever a tax title is specially set forth in a pleading it is necessary that every fact should be averred which is requisite to show that each of the statutory provisions has been complied with. Owing doubtless to the number of acts required to be done in the assessing and levying of taxes, and in the proceedings to sell property for their non-payment, and the embarrassments attending the proof of many of them, especially after the lapse of any considerable time, the Legislature has provided that the deed executed upon such a sale shall state certain of these essential facts, and shall be proof of the matters by it set forth, subject to certain exceptions. But this provision as to the effect of the deed as evidence does not dispense with the necessity of averring every essential fact in a pleading in which a tax title is specially set forth."

Another case worthy of note is *People* v. *Jackson* (1864), 24 Cal. 630. There the action was brought to set aside a patent issued by California to the defendant for certain lands under the provisions of the Act of April 16, 1859, entitled "An Act to provide for the issuance of patents to lands located with State school land warrants, and for lands purchased under the Act of . . . 1858." A demurrer specifying that the complaint failed to state facts sufficient to constitute a cause of action was sustained. In affirming, the court said at page 632: "Having alleged title derived from the State under and by virtue of certain statutes, it is necessary for the plaintiff [the People on the relation of S. C. Hastings] to allege specially a performance by him or his grantor of all the acts required by the provisions of those statutes . . . The facts showing such performance must be pleaded. *The sixtieth section of the Practice Act excuses the statement of the facts showing the performance of conditions precedent in cases of contract,* and makes a general averment of performance sufficient. [Emphasis added.] But this rule cannot be extended beyond the cases mentioned in the section. *Expressio unius, exclusio alterius est.* In all cases except contracts, the performance of conditions precedent must be specially pleaded."

In the present case the complaint contains the allegation that the tax deed was "made, executed and delivered to plaintiff pursuant to law." Section 60 of the Practice Act (1851) provides that "In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts, showing such performance." The same provision substantially is now found in Code of Civil Procedure, section 457 of chapter 7, entitled "General Rules of Pleading."

There are later cases that do not state such a strict rule as that found in *Russell* v. *Mann, supra,* but the case still seems to be held as an authority. If the language of *Russell* v. *Mann* must be followed, do the pleadings show every essential fact relating to plaintiff's tax title? There are over 600 sections appearing in part 6 of the Revenue and Taxation Code (§§ 3351-3972). Over 80 sections contain provisions relative to notices of sales of property. Appellant contends that if any of these essential steps is omitted the sale is void. Note that the language in the Russell case is that the provision for the sale of property for nonpayment of taxes is that they must appear in *"substance."* (Emphasis added.) It

may be assumed that in the days of the Russell case many land owners bought property, moved away from the neighborhood, neglected to pay on a delinquent date or found it impossible to transmit the tax due by reason of lack of communication. Under such circumstances courts would be inclined to construe statutes strictly to protect the owner. In these days the method of communication is different. The government needs the tax on delinquent property. The so-called strict rule in *Russell* v. *Mann* would hardly receive the considered approval in 1948 that was given in 1863.

The specified insufficiency of the pleading in the Russell case was the failure to state for what year the tax was imposed on which the sale was made and the failure to indicate by whom the assessment was made. As stated, this complaint sets forth: "That the plaintiff has paid in taxes on said premises, the following:—June 28, 1940, To A. McSweeney, Tax Collector for deed: $100.00; July 20, 1940, to A. H. Sagehorn, County Treasurer, delinquent taxes for 1934, 1935, 1936, 1937, 1938 and 1939, $39.09." The deed was attached to and made a part of the complaint.

Revenue and Taxation Code, section 3480, provides: "In addition to the usual provisions of a deed conveying real property, the deed shall specify: (a) The year the property was assessed for taxation and the name of the assessee for that year. (b) That the property was duly assessed for taxation and the tax legally levied. (c) The name of the purchaser at this tax sale and the fact and date that the property was sold to him for nonpayment of delinquent taxes which were a lien on the property. (d) The amount for which the property was sold to the purchaser. (e) That the property has been redeemed. (f) That the property is therefore conveyed to the purchaser according to law." The language used in the deed is "in pursuance of the statute in such case made" and shows that the taxes have been paid. The deed states "in substance" the "requisite" facts. (*Russell* v. *Mann, supra.*) The deed is made prima facie evidence of "the same facts as a deed to the State for taxes and conveys the same title as a deed to the State" when duly acknowledged. (Rev. & Tax. Code, § 3481, formerly Pol. Code, § 3785b.) The present deed was duly acknowledged and is in harmony with the requirements of Revenue and Taxation Code, section 3480 and of its predecessor in the Political Code, section 3785 and the accompanying subdivision. Ex-

hibit "A," the deed, reads in full as follows: "THIS INDEN-
TURE made the 20th day of July, 1940, between A. McSwee-
ney, Tax Collector of the County of San Mateo, State of
California, first party, and Naomi J. Penaat, second party,
witnesseth: That Whereas, the real property hereinafter
described was duly assessed for taxation in the year 1934
to Everett H. and Pearl B. Davis, and was thereafter on
the 28th day of June, 1940, duly sold to Naomi J. Penaat
by A. McSweeney, Tax Collector of said County of San
Mateo, for non-payment of delinquent taxes which had been
legally levied in said year 1934, and were a lien on said
property, the total amount for which the same was sold being
One Hundred and no/100 Dollars, And Whereas, all taxes
levied and assessed against said property prior to the year
1940 have been paid and discharged; Now, therefore, the
said first party, in consideration of the premises, and in pur-
suance of the statute in such case made and provided, does
hereby grant to the said second party that certain real prop-
erty in the County of San Mateo, State of California, more
particularly described as follows, to-wit:—Nly 70' of Lots
7-8, Block 33, Amend Map Town of San Carlos. In Witness
Whereof, said first party has hereunto set his hand the day
and year first above written. (Signed)  A. McSweeney, Tax
Collector of the County of San Mateo." The description of
the property is not questioned.

The former owner may establish by proof that sufficient
facts have not been alleged or proved. (*Rollins* v. *Wright*,
93 Cal. 395 [29 P. 58].) In *Stuart* v. *Chapman*, 87 Cal.
App. 552, 555 [262 P. 348], it is stated: "It is next claimed
that the tax deed was void because the tax collector did not
file in the office of the county clerk a copy of the publication
of the delinquent list. (Pol. Code, § 3769.) The statute
does not say the effect of such omission invalidates the deed.
On the other hand, the statute provides that plaintiff's deed
is conclusive evidence that a copy of the publication was
filed. (Pol. Code, § 3787.) That such is the meaning of
that section was held in *Haaren* v. *High*, 97 Cal. 445, 447
[32 P. 518]."

Appellant next argues that the complaint fails to state a
cause of action because it was neither pleaded nor proven
that the property was sold at public auction. In support of
this contention appellant cites *Grimm* v. *O'Connell*, 54 Cal.
522, 524: "Plaintiff must recover, if at all, on his *tax deed*,

supported by evidence of the regularity of the prior proceedings, if the same are attacked.'' The cited case does not base its ruling on the insufficiency of a pleading but rather on the insufficiency of the deed which was offered in evidence.

The last point is that it was not proven or pleaded that the property was sold to the highest bidder for cash. It might be added that some of the sections in relation to the sale of delinquent tax property use the language ''in lawful money of the United States of America.'' The Political Code sections applicable at the time of this sale provided two methods of selling real property for delinquent taxes. (*Jacoby* v. *Wolff*, 198 Cal. 667 [247 P. 195]; *Scott* v. *Beck*, 204 Cal. 78 [266 P. 951].) If a sale is made to a purchaser under the provisions of Political Code, sections 3771 and 3771a, there is no provision for a deed to the state but the tax collector is directed to convey the property to the purchaser under Political Code, section 3785b. That section sets forth ''in substance'' the form of the conveyance similar to the language used in the present deed. *De Flon* v. *Van Lue*, 83 Cal.App.2d 288 [188 P.2d 301], called to our attention by appellant after the submission of the case, dealing with Revenue and Taxation Code, section 3711, is not pertinent to the code sections in effect at the time of this transaction.

In a recent delinquent tax case it was held that there being no evidence to the contrary it will be presumed that official duty has been regularly and legally performed. (*Tannhauser* v. *Adams*, 31 Cal.2d 169 [187 P.2d 716], citing Code Civ. Proc., § 1963, subd. 15; *Jacoby* v. *Wolff, supra.*)

When the facts and legal points on this appeal are reduced to the real issue—jurisdiction of the trial court—it appears that appellant failed to prosecute her general and special demurrer but claims to have raised the herein enumerated points on a motion for a new trial. If a complaint does not state a cause of action the point may be raised at any time, even on appeal (Code Civ. Proc., § 434; *Norager* v. *Mountain States Life Ins. Co.*, 10 Cal.App.2d 188 [51 P.2d 443]; *Emery* v. *Pacific Employers Ins. Co.*, 8 Cal.2d 663 [67 P.2d 1046]) because the question is jurisdictional. This court has previously stated: ''The trial of a law suit is not a game where the spoils of victory go to the clever and technical regardless of the merits, but a method devised by a civilized society to settle peaceably and justly disputes be-

tween litigants." (*Simon* v. *City & County of San Francisco,* 79 Cal.App.2d 590, 600 [180 P.2d 393].) The practice of filing a jurisdictional demurrer but failing to call the trial court's attention to the jurisdictional defect results in unnecessary costs to litigants and delay in the administration of justice. As such practice has been declared by the courts permissible it may not be condemned but it can not be commended.

The judgment appealed from is hereby affirmed.

Peters, P. J., and Bray, J., concurred.