[S. F. No. 15343. In Bank.—August 1, 1935.]

PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Petitioner, v. DEPARTMENT OF MOTOR VEHICLES, etc., et al., Respondents.

Frank Karr, R. E. Wedekind and Alfred Sutro for Petitioner.

Roy V. Reppy, E. W. Cunningham, Guy V. Shoup, Henley C. Booth, LeRoy M. Edwards and Samuel Poorman, Jr., as *Amici Curiae* on Behalf of Petitioner.

U. S. Webb, Attorney-General, H. H. Linney, Deputy Attorney-General, Frank M. Keesling, Roger J. Traynor, Evan Haynes and Dixwell L. Pierce for Respondents.

John A. McGilvray, F. Bert Fernhoff, City Attorney of Oakland, Homer W. Buckley, Assistant City Attorney, and Archer Bowden, City Attorney of San Jose, as *Amici Curiae* on Behalf of Respondents.

THE COURT.—Petitioner, a public utility corporation, claiming the benefit of sections 41, 77a and 77c of the California Vehicle Act of the State of California (chap. 266, Stats. 1923, as amended), tendered on December 29, 1934, to respondent Department of Motor Vehicles of the State of California the sum of $5,942, and demanded therefor registration certificates for the calendar year 1935 for 212 motor vehicles used by it in the operation of its business as an electric interurban railway corporation during the year 1934. This demand was refused on the ground that said tender was insufficient in amount to comply with the said statute. Hence, this proceeding in *mandamus*.

No facts essential to determination of the controversy are in dispute. The tender made was for the $3 registration item in full for each car as required by said section 77a, but as to the weight charges provided for in said section 77c petitioner tendered an amount which would have been sufficient only in case registration had taken place on July 1, 1935, instead of January 1st of said year. In other words, the essence of petitioner's claim is that it has already paid or has already obligated itself to pay a fee in lieu of said charges for the first half of said year 1935 because of the gross receipts tax assessed against it for the fiscal year

1934–35, pursuant to section 14, article XIII, of the Constitution of the state of California as it stood on May 1, 1933.

We are here concerned with the following provision of said section 14, subdivision "a", which reads: "Such taxes shall be in lieu of all other taxes and licenses, state, county and municipal, upon the property above enumerated of such companies . . . ", when considered in the light of section 14½ of said article, adopted June 27, 1933, and which reads as follows: "The provisions of section 14 of this article as they read on May 1, 1933, shall remain fully operative to and including December 31, 1934, notwithstanding any other provision in this Constitution. From and after January 1, 1935, said provisions shall no longer be of any force and effect; provided, however, that any taxes assessed in pursuance thereof, prior to said date, shall remain fully collectible." Petitioners also assert that a provision inserted in said section 14 on June 27, 1933, is also involved. This provision reads: " . . . provided further, that no excise, or income tax or any other form of tax or license charge shall be levied or assessed upon or collected from the companies, or any of them, mentioned in the first paragraph of this section, in any manner or form, different from, or at a higher rate than that imposed upon or collected from mercantile, manufacturing and business corporations doing business within the state."

In the former opinion we were of the view that once it is declared that taxes on gross earnings are a substitute for *ad valorem* and license taxes and as such *ad valorem* taxes are assessed for the ensuing fiscal year that it followed logically that license taxes are for the same period, and therefore when the assessment was made as of the first Monday in March, 1934, for the taxes for the fiscal year 1934–35, the state thereby in effect received the license taxes here involved until June 30, 1935. And as a deduction petitioner owes license taxes only for the remainder of the calendar year of 1935, which it has tendered respondent. We reiterate that as to *ad valorem* taxes, prior to 1910, the fiscal year fixed by the Constitution (sec. 5, art. XX) was the tax year. (*Rollins* v. *Wright,* 93 Cal. 395 [29 Pac. 58]; *Rode* v. *Siebe,* 119 Cal. 518 [51 Pac. 869, 39 L. R. A. 342].)

■ We also think that as to the gross receipts tax it must now be held that in so far as it is a substitute for *ad valorem* taxes, at least, the tax assessed in 1934 is for the

fiscal year ending 1935. As to license taxes the section can validly operate with or without the exemption, as the people may direct. (*Pacific Gas & Electric Co. v. Roberts*, 168 Cal. 420 [143 Pac. 700].)

 But we cannot now see its applicability to license taxes, especially in view of the new section 14½ of the Constitution above quoted. This court has specifically held that when the constitutional scheme setting up the gross receipts tax was adopted on November 8, 1910, on this selfsame day license taxes of all kinds were henceforth avoided unless already assessed. (See *San Francisco v. Pacific Telephone & Telegraph Co.*, 166 Cal. 244 [135 Pac. 971], *Hartford Fire Ins. Co. v. Jordan*, 168 Cal. 270, 284 [142 Pac. 839], and *Pacific Gas & Electric Co. v. Roberts, supra*, pp. 420, 432.)

The first levy under the gross receipts plan was in 1911 for the fiscal year 1911–12, ending June 30, 1912. But license taxes ceased not later than January 1, 1911. We thus have exemption from *ad valorem* tax only from July 1, 1911, to June 30, 1912, whereas license tax exemptions were from January 1, 1911, to June 30, 1912, a period of 18 months. In other words, license taxes had an exemption which antedated the *ad valorem* exemption by six months.

Manifestly the framers of section 14½ did not intend that such a situation should continue. Hence it provided the exemption should cease as to petitioner from license charges after December 31, 1934, following which date the license laws should be operative.

 Nor can we see discrimination against petitioner in favor of mercantile, manufacturing and business corporations doing business within the state. Petitioner had had its full quota of exemption on December 31, 1934, or at the time it came under the Motor Vehicle Act.

The alternative writ of mandate is discharged and the petition dismissed.

It is further ordered that this judgment shall be *nunc pro tunc* as of January 28, 1935, and that the petitioner is hereby allowed to forthwith pay in discharge of said license taxes such sums only as were due as of said date.