[Civ. No. 1890. Fourth Appellate District.—October 19, 1937.]

VALLEY MOTOR LINES, INC. (a Corporation), Petitioner, v. HARRY B. RILEY, as Comptroller, etc., et al., Respondents.

James J. Broz for Petitioner.

U. S. Webb, Attorney-General, James J. Arditto, Deputy Attorney-General, for Respondents.

MARKS, J.—This is an original proceeding in this court to compel respondents to credit petitioner with, or refund to it, an alleged overpayment of taxes paid during the calendar year 1935. Respondents have appeared by demurrer and answer.

Petitioner is a corporation engaged in the business of transporting freight between fixed termini by motor trucks over the public highways of the state under certificates of public convenience and necessity issued by the Railroad Commission of the state of California.

Prior to January 1, 1935, petitioner was required to pay five per cent of all its gross income as a tax in lieu of all other taxes and assessments. (Sec. 15, art. XIII, Const., adopted Nov. 2, 1926; secs. 15 and 15½, art. XIII, Const., adopted June 27, 1933; sec. 3664aa, Pol. Code. See, also, sec. 3669, Pol. Code.) That tax for a fiscal year was based on the gross income of the preceding calendar year, and might, on permission granted, be paid in two instalments. After January 1, 1935, petitioner's taxes were levied and collected under the California Vehicle Transportation License Tax Act. (Stats. 1933, p. 928, as amended; Stats. 1935, p. 2176.) We will refer to this act as the Vehicle License Tax Act. Petitioner secured permission to pay its tax for the fiscal year 1934–1935 in two instalments. It paid its first instalment on August 13, 1934, and its second, amounting to

$5,264.61, on February 2, 1935. No question is raised as to the correctness of the amounts of these payments.

After January 1, 1935, petitioner made its monthly returns and payments under the Vehicle License Tax Act. During the calendar year 1935 petitioner paid to the state three per cent of its monthly gross receipts from its operations in the total sum of $9,192.82. In addition it paid during the same year, motor vehicle license tax, $10,385.44; city and county personal property tax $1618.97; real property tax, $893.19; municipal licenses or penalty tax, $104.22; or a total of $22,194.64, subject to a deduction of $160.30, leaving the net payments during the calendar year 1935 at the sum of $22,034.34. The sum of $5,264.61, paid on February 2, 1935, is included in the item of ''Motor Vehicle License Fees Paid, $10,385.44.''

Petitioner's gross income from its operations during the calendar year 1935 was $306,427.47. Five per cent of this income amounted to $15,321.37. Petitioner filed a claim with the State Board of Equalization for $6,873.09 which it maintained was an overpayment by it under the following provisions of section 9 of the Vehicle License Tax Act:

''If during any calendar year, any operator pays hereunder license taxes which together with all other taxes and licenses, state, county and municipal, upon the property of such operator used exclusively by him in his business of transporting persons or property for hire or compensation over the public highways of this state, exceed five per cent of the gross receipts from operations of such operator in this state for such calendar year, the difference between five per cent of such gross receipts and the total amount of such taxes and licenses paid during the calendar year shall be credited on any license taxes thereafter due from such operator under this act, and the balance shall be refunded to such operator; . . . ''

The board made the adjustment of $160.30, which we have mentioned, allowed petitioner a credit of $1448.18, which it has received, and disallowed $5,264.61 of the claim which is the exact amount of the payment made on February 2, 1935, the second instalment of taxes for the fiscal year 1934–1935.

It is evident that the principal ground of controversy between the parties here is due to the following: That prior

to January 1, 1935, the taxes of petitioner were computed on the basis of the gross income for a calendar year and were the taxes of the fiscal year ending on June 30, 1935; that after that date, while they were still computed on the basis of the gross income for a calendar year, they were paid monthly during such year; and the further fact that petitioner secured permission to pay its taxes for the fiscal year 1934–1935 in two instalments, and paid the second instalment on February 2, 1935, which was during the last half of the fiscal year 1934–1935 and also during the first half of the calendar year 1935.

It is now settled in California that the old in lieu tax imposed before January 1, 1935, was a property tax. (*Alward* v. *Johnson,* 208 Cal. 359 [281 Pac. 389].) The present tax is a charge for the use of the highways and a compensation therefor. (*In re Bush,* 6 Cal. (2d) 43 [56 Pac. (2d) 511].) That the two overlap during the first six months of the calendar year 1935 is no valid objection to the constitutionality of either. (*Pacific Elec. Ry. Co.* v. *Department of Motor Vehicles,* 4 Cal. (2d) 181 [48 Pac. (2d) 657].)

Section 15½ of article XIII of the Constitution, as adopted on June 27, 1933, contains the answer to the problem here presented. It suspends the operation of certain provisions of section 15 of the same section until January 1, 1935. It concludes as follows:

"From and after January 1, 1935, the provisions of section 15 of this article as they read on May 1, 1933, shall no longer be of any force and effect; *provided, however,* that nothing herein contained shall be construed to affect the collection or distribution of taxes assessed under said section prior to January 1, 1935."

It is clear that the drafters of this section must have had in mind the very situation here presented when they added the proviso that nothing in this section should *affect* the collection of taxes *assessed* under the old constitutional provision.

In the instant case the $5,264.61 claimed by petitioner was assessed in 1934 under the old section. The provisions of the statutes and amendments of 1933 do not affect the right of the state to collect in 1935 the taxes so assessed in 1934. The Constitution so provides. In construing the similar pro-

visions of section 14½ of article XIII of the Constitution a similar conclusion was reached by the Supreme Court in *Pacific Elec. Ry. Co.* v. *Department of Motor Vehicles, supra.*

As we have considered the case on its merits the demurrer is overruled.

The peremptory writ of mandate is denied and the alternative writ is discharged.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 2, 1937, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 16, 1937.