[Civ. No. 6821. Third Dist. Nov. 23, 1942.]

SOUTHERN CALIFORNIA EDISON COMPANY, LTD. (a Corporation), Appellant, v. CHAS. G. JOHNSON, as State Treasurer, etc., Defendant; CHAS. J. McCOLGAN, as Franchise Tax Commissioner, etc. (Substituted Defendant), Respondent.

Roy V. Reppy and E. W. Cunningham for Appellant.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, H. H. Linney, Assistant Attorney General, and Valentine Brookes and Adrian A. Kragen, Deputies Attorney General, for Respondent.

THOMPSON, J.—The plaintiff, Southern California Edison Company, Ltd., seeks to recoup franchise taxes paid under protest for the first half of the calendar year of 1935, on the ground that they were illegally levied and collected for the reasons that they constitute a double taxation and are in conflict with the equal protection clause of the United

States Constitution. It is also contended the Franchise Tax Commissioner wrongfully assessed against plaintiff interest on the second installment of deferred property taxes computed from January 1 to July 1, 1935, since the time for that payment was duly extended as provided by law.

The complaint alleges that the plaintiff is engaged as a utility corporation in generating and distributing electric power to the public in this state; that the gross receipts from its business for the year 1933 was the sum of $34,816,-058.62, upon the basis of which property taxes, including taxes on its franchise, were computed and levied in lieu of all other taxes according to the provisions of article XIII, section 14, of the Constitution and sections 3664a and 3665b of the Political Code, for the fiscal year of 1934-1935, ending June 30, 1935, which were fully paid in two installments; that after an extension of time duly granted by the commissioner, the second installment of property taxes was paid on June 13, 1935; that pursuant to amendments of sections 14 and 16 and the addition of section 14½ of article XIII of the Constitution of California, adopted June 27, 1933, the statutes amending the Bank and Corporation Franchise Tax Act were enacted and became effective June 6 and June 25, 1935 (Stats. 1935, pp. 960 and 1245; Deering's Gen. Laws, 1935 Supp., Act 8488), authorizing an annual levy of franchise taxes for calendar years on corporations, at the rate of 4% on the net income for the previous years, beginning with January 1, 1935; that pursuant to the amended statutes the commissioner required the plaintiff to file its return of income for the year 1934, which showed a net income for that year of $5,595,992.86, and notified it of a levy of franchise taxes for the calendar year of 1935 in the sum of $223,839.71, as provided by section 4(8) of the amended statute above referred to, together with the additional sum of $839.40, being 6% interest on the deferred installment of franchise taxes for 1935 previously paid by appellant in the sum of $55,959.93; that the commissioner duly extended the time for payment of the last-mentioned installment for three months from March 15 to June 15, 1935; that said commissioner served notice on the plaintiff September 16, 1935, of said levy of taxes, which reads in part:

"Demand is hereby made for the payment of a tax ... computed as follows;

Net income per Return, Form 105 or Form 106 . $5,595,992.86
Tax at 4% ............................. 223,839.71
Previously assessed ...................... 55,959.93
Tax due and payable...................... 167,879.78''

This tax was levied for the calendar year 1935. That amount included the sum of $55,959.93 paid by the appellant on June 13, 1935. This left a balance of additional taxes due for the calendar year of 1935 in the sum of $167,879.78, to which the commissioner added interest on the deferred payment of $839.40, making a total sum of $168,719.18, which the plaintiff paid. $112,759.26 of this sum plaintiff paid under protest, which he now seeks to recoup by means of this suit.

The appellant contends that its property tax, including ad valorem taxes on its franchise which were previously assessed, may not be lawfully increased during the years 1934-1935 by an amendment of the statute which did not become effective until June 25, 1935, for the reason that section 14 of article XIII of the Constitution provided that no excise or other tax or license shall be levied or collected ''different from, or at a higher rate than that imposed upon or collected from mercantile, manufacturing and business corporations doing business within this State,'' and because the Bank and Corporation Franchise Tax Act, as amended, provides that ''Taxes under this section *shall be in lieu* of all ad valorem taxes and assessments of every kind and nature upon the general corporate franchises of the corporations taxable hereunder. . . .'' (Italics ours.) (Stats. 1935, p. 1245, at p. 1247.) It is asserted this increase of franchise tax is not uniform with the taxes imposed upon the corporations previously mentioned, and that it is in conflict with the due process clause of the United States Constitution and void. It is also claimed that, since the levy of ad valorem taxes for 1934-1935 was made and the taxes were fully paid within the time for which payment of the last installment thereof was duly extended by the commissioner, interest on the deferred payment was illegally levied and collected.

All of the appellant's contentions in the present case have been determined adversely to it. The property and franchise taxes which were levied and paid by the appellant for the fiscal year of 1934-1935, computed on the basis of its gross receipts for the previous year, constituted ad valorem taxes

(*City Investments, Ltd.* v. *Johnson,* 6 Cal.2d. 150 [56 P.2d 939]) for the period of time ending July 1, 1935. Section 14 of article XIII of the Constitution provided that "This tax shall be in lieu of all other taxes and licenses." Sections 3664a and 3665b also provide that such taxes shall be in lieu of all other taxes and licenses. Section 14 of article XIII of the Constitution was amended in 1933 to provide that:

"All companies herein mentioned and their franchises, other than insurance companies and their franchises, shall be taxed in the same manner and at the same rates as mercantile, manufacturing and business corporations and their franchises are taxed pursuant to section 16 of this article; provided, that nothing herein shall be construed to release any company mentioned in this section from the payment of any amount agreed to be paid or required by law to be paid for any special privilege or franchise granted by any political subdivision or municipality of this State; provided further, that no excise, or income tax or any other form of tax or license charge shall be levied or assessed upon or collected from the companies, or any of them, mentioned in the first paragraph of this section, in any manner or form, different from, or at a higher rate than that imposed upon or collected from mercantile, manufacturing and business corporations doing business within this State."

At the same time the Constitution was amended by the addition of section 14½ of article XIII, which reads:

"The provisions of section 14 of this article as they read on May 1, 1933, shall remain fully operative to and including December 31, 1934, notwithstanding any other provision in this Constitution. From and after January 1, 1935, said provisions shall no longer be of any force and effect; provided, however, that any taxes assessed in pursuance thereof, prior to said date, shall remain fully collectible."

Section 16, article XIII of the Constitution was amended at the same time. Subdivision 2 of that amended section now reads:

"The Legislature may provide by law for the taxation of corporations, their franchises, or any other franchises, by any method not prohibited by this Constitution or the Constitution or laws of the United States."

Pursuant to the foregoing amendments to the Constitution, the act of the Legislature was adopted and became effec-

tive June 6, 1935. (Stats. 1935, p. 960.) Section 4(3) of that act provides:

"With the exception of financial corporations, every corporation doing business within the limits of this State and not expressly exempted from taxation by the provisions of the Constitution of this State or by this act, shall annually pay to the State, for the privilege of exercising its corporate franchises within this State, a tax according to or *measured by its net income*, to be computed, in the manner hereinafter provided, *at the rate of two per centum upon the basis of its net income* for the next preceding fiscal or calendar year. . . ." (Italics added.)

The above subdivision of section 4 was amended at the same session of the Legislature to increase the taxes to 4% of the net income. (Stats. 1935, p. 1246.)

Section 4(8) of that act provides that:

"The provisions of this subdivision, and of all other amendments to this act enacted during the year 1935, shall apply to taxable years beginning after December 31, 1934. . . . Any tax, for a taxable year specified in this subdivision, in addition to that disclosed by the return, made necessary solely by amendments to this act, shall accrue on January 1, 1935, and shall be due and payable within ten days from the date of notice and demand from the commissioner, or on or before the fifteenth day of the ninth month following the close of the income year, as defined in section 11 of this act, whichever is later. If not so paid, interest shall be added thereto pursuant to the provisions of subdivision (c) of section 24 of this act. . . ."

Section 11(b) of that act reads:

"The term 'taxable year,' as herein used, means the calendar year, or the fiscal year ending during such calendar year, for which the tax is payable. . . ."

Pursuant to the foregoing amendments of the Constitution and statutes, the Franchise Tax Commissioner levied taxes against the plaintiff for the calendar year beginning January 1, 1935, in the sum of $167,879.78, which included the unpaid second installment of previously-assessed property taxes amounting to $55,959.93 together with $839.40 interest on the last-mentioned sum, and notified the corporation to pay the same on or before September 13, 1935.

This additional levy clearly constituted an increase of taxes for the last half of the period of time covered by the previously-assessed property taxes from January 1 to July 1, 1935. It is therefore claimed it was a double taxation for that period of six months and void. It is not denied that the taxes were computed in the manner provided by the amended statutes.

Even though ad valorem taxes, including taxes on the appellant's franchise, had been previously levied and collected for a period of time ending July 1, 1935, the state was authorized to increase and collect further taxes for the calendar year beginning with January 1, 1935. The additional levy is not illegal or void merely because it overlapped and increased taxes for the first half of the year 1935. (*City Investments, Ltd.* v. *Johnson,* 6 Cal.2d 150 [56 P.2d 939]; *American States Water Service Co.* v. *Johnson,* 31 Cal.App. 2d 606 [88 P.2d 770].) In the City Investments, Ltd., case it is said:

"The power to impose charges for public revenue by both methods and for identical taxing periods cannot be challenged on the ground that the exaction of both is double taxation or that there is an unlawful overlapping of one on the other. . . . The fact that the two contemporaneous tax charges then overlapped, in whole or in part, was not from a taxing standpoint constitutionally objectionable."

In spite of the fact that the previous taxes which were levied against the appellant as an ad valorem tax for the fiscal year of 1934-1935, including taxes on its franchise, were declared to be "in lieu of all other taxes and licenses" the law does not preclude the imposing of additional franchise taxes for the calendar year of 1935 pursuant to a statute which became effective June 6, 1935, and which specifically authorizes such franchise tax. In the case last cited the Supreme Court said in that regard:

"It does not follow either that the act of March 1, 1929, was not effective immediately upon its passage so as to require payment of a license tax therein exacted, or that the payment of the *ad valorem* tax theretofore collected constituted payment of the license tax. The *ad valorem* franchise tax had become a valid charge under constitutional authority prior to the 1928 amendment, and the 'in lieu' provision of that amendment cannot be given the effect of destroying the

right to collect it. The obvious purpose of the 'in lieu' provision was to foreclose the legislature from thereafter exacting an *ad valorem* tax on franchises of the kind here involved.''

In the present case there is no question but that the Legislature intended to authorize the levying and collecting of franchise taxes based on the new net income system for the entire calendar year of 1935; that it should become retroactive with respect to previously-imposed or collected ad valorem taxes for the first half of that year, and that any unpaid portion of the previous assessments was to remain valid and collectible. Section 14½ of article XIII of the Constitution specifically provides that the provisions of section 14 of that article, as they existed prior to the amendment in 1933, should remain ''fully operative to and including December 31, 1934'' and that ''From and after January 1, 1935, said provisions shall no longer be of any force and effect,'' but that ''any taxes assessed in pursuance thereof, prior to said date, shall remain fully collectible.'' Pursuant to that amendment of the Constitution the Legislature provided in section 4(8) of its act of 1935 that the amendments of the Bank and Corporation Franchise Tax Act ''shall apply to taxable years *beginning after December 31, 1934.''* The last-mentioned section specifically provides that ''Any tax for a taxable year specified in this subdivision . . . shall accrue on January 1, 1935.''

The case of *American States Water Service Co.* v. *Johnson, supra,* is authority for the declaration of the well-known principle that taxes may be increased during a specified period even though a previous levy covering the whole or a portion of that period has been imposed and is a lien on the property whether it has been paid or not. It is also determined in that case that the subsequent levy is not unlawful or objectionable merely because it applies retrospectively as to the portion of the taxable year which had not elapsed before the statute became effective. ▮ Neither the federal Constitution nor the Constitution of California prohibits the enactment of retrospective laws. (5 Cal.Jur. 747, § 142; *American States Water Service Co.* v. *Johnson, supra.*)

▮ The statutes of 1935 do not discriminate against the appellant. They apply uniformly to all corporations, except

financial corporations. (*Pacific Elec. Ry. Co.* v. *Dept. of Motor Vehicles*, 4 Cal.2d 181 [48 P.2d 657].) In accordance with section 14, article XIII of the Constitution, as amended in 1933, section 4(3) of the Bank and Corporation Franchise Tax Act of 1935 merely provides that, "With the exception of financial corporations, *every corporation* doing business within the limits of this State . . . shall annually pay to the State . . . a tax according to or measured by its net income." The Constitution merely prohibits the imposing of such taxes computed "in any manner or form, different from, or at a higher rate than that imposed upon or collected from mercantile, manufacturing and business corporations." All of the last-mentioned corporations are included in the statute mentioned. The taxes imposed upon the appellant are therefore uniform with those levied upon the previously-designated corporations. In the case last cited it is said in that regard:

"Nor can we see discrimination against petitioner in favor of mercantile, manufacturing and business corporations doing business within the state. Petitioner had had its full quota of exemption on December 31, 1934. . . ."

■ The appellant contends that interest in the amount of $839.40, which was computed under the provisions of section 24 of the Statutes of 1929, page 19 (3 Deering's Gen. Laws of 1931, p. 4763, at page 4772, Act 8488) is illegal and void. That section provides that:

"Interest upon the amount determined as a deficiency under the provisions of section 25 of this act shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the commissioner, *and shall be collected as a part of the tax, at the rate of six per centum per annum from the date prescribed for the payment of the tax* (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed." (Italics added.)

The commissioner computed six per cent interest on the balance of the unpaid ad valorem tax which was due and payable March 15, 1935, for a period of three months, to June 15, 1935, and assessed that interest "as a part of the tax" due and payable. It is true that the commissioner extended the time for appellant to pay that installment of taxes, but we assume that delay did not have the effect of waiving

interest on the deferred payment which was imposed by the statute.

Section 14½ of article XIII of the Constitution, which was adopted in 1933, provides in effect that the previously-levied taxes for the first half of 1935, including the interest which became "a part of the tax," shall remain fully collectible.

We are therefore of the opinion the interest which was computed according to law and which was levied as a part of the tax is legal and valid.

The judgment is affirmed.

Adams, P. J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 21, 1943. Traynor, J., did not participate therein.