JOSEPH NEWTON ET AL., PLAINTIFFS-APPELLEES, v. ARTHUR H. MIDDLETON, DEFENDANT-APPELLANT.

Argued October term, 1924—Decided February 9, 1925.

**Conveyances—Execution of Deed Cannot Effect Liability of Vendor for Fraud on the Theory That Previous Representations are Merged in Deed or Prevent Proof of Misrepresentations by Oral or Extrinsic Evidence.**

On appeal from the Third Judicial District of Morris county.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Albert H. Holland.*

For the appellees, *King & Vogt.*

PER CURIAM.

This action was tried in the District Court of Monmouth county, the jury returning a verdict of $353. for the plaintiff. The plaintiff purchased from the defendant a lot and dwelling by contract and deed. After title passed the plaintiff brought this action alleging fraudulent misrepresentations concerning the water supply, and claiming as damages the cost of a new well which he was obliged to construct.

The main contention is that the parol evidence rule was violated. Evidence was admitted of oral representations made by the defendant to the plaintiff, and to plaintiff's agent before the contract was signed, as well as conversations with the defendant after the contract was signed and the deed delivered. The rule is well settled, that "the execution of the deed cannot affect the liability of the vendor for his fraud on any theory that the previous representations are merged in the deed, nor prevent proof of the misrepresentations by oral or extrinsic evidence." 27 *R. C. L.* 366, § 66, and cases cited. The evidence of false representations, after the signing of the contract, was relevant, as rendering more probable the testimony as to similar representations made prior to the execution of the instrument.

In an analogous case the Court of Errors and Appeals held it reversible error to refuse to admit similar evidence of conversations, both before and after the execution of the contract. *Balura* v. *McBride,* 77 *N. J. L.* 779.

The judgment will be affirmed.