MAYER, Plaintiff-Appellee, v. SUMERGRADE et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25128.   Decided May 27, 1960.

Husband & Billings, for plaintiff-appellee.
Arthur L. Cain, for defendants-appellants.

## OPINION

By KOVACHY, J.

This is an appeal on questions of law from the Lakewood Municipal Court.

Plaintiff, Mrs. Zella A. Mayer, brought an action in said court upon a written contract to purchase a vacant lot from the defendants, Mr. and Mrs. Irving Sumergrade. Upon trial had to the Court without the intervention of a jury, a judgment in the amount of $396.38 and costs was entered in favor of the plaintiff and against the defendants.

We are not favored with a bill of exceptions. The pleadings in the trial court consisted of the petition, a demurrer, an answer and a reply.

The petition alleges these operative facts:

That the defendants are husband and wife;

That they executed an agreement with the plaintiff, a copy of which is attached to the petition, to sell her a parcel of vacant land, located in the City of Westlake;

That at the time of such agreement the city had levied special assessments upon said parcel of land for the years 1952 to 1961, inclutive, in the annual sum of $91.76, and certified the same for collection to the county auditor;

That said annual assessments are a lien upon the land;

That in the agreement entered into by the parties, plaintiff agreed to purchase the real estate for a cash consideration of $6250.00;

That, "Said consideration was paid and that defendants conveyed said real property to the plaintiff (the present owner of said realty) by deed filed July 8, 1958, and recorded as Cuyahoga County Recorder's Instrument No. 227372";

That in the agreement defendants "specifically warranted that there were no assessments upon said premises";

That defendants, on demand, have failed and refused to pay plaintiff damages for such assessments still unpaid in the amount of $367.04, for which, together with interest from the 8th day of July, 1958, plaintiff asks judgment against said Irving Sumergrade and Viva G. Sumergrade.

Defendant appellants claim four specific assignments of error, each of which is merely an elaboration of the single claim that the trial court erred in overruling the demurrer to the petition since the petition fails to state a cause of action in averring a contract for the sale of land and the filing and recording of a deed conveying the real property to the plaintiff without averring facts which would remove the cause from the general rule that "a subsequent deed merges a pre-existing contract for the sale of the same property * * *"

The following language pertinent to the consideration of this claim of the appellants appears in the agreement:

"* * * Funds and documents to be placed in Escrow at So. Side Fed. Sav. & L. Westgate office within 60 days. Fee ½ each. Present owner to give good and sufficient deed and title to said property and furnish a title guarantee at owners expense in the amount of $6,250.00 REC for ZAM showing same to be free from all encumbrances except restrictions

of record and zoning ordinances, if any, and taxes not yet billed. _____Seller specifically warrants there are no assessments nor easements on above property." (Emphasis denotes sentence written in by hand on the printed form used in drawing up this agreement.)

The general rule with respect to the relation of a deed to a contract for the sale of real estate is stated as follows in **40 O. Jur., page 1001, section 90:**

"In the absence of fraud or mistake, and except where the contract for the sale of land creates rights collateral to or independent of the conveyance, the general rule is that acceptance of a deed in pursuance of articles of agreement for the conveyance of land is prima facie the completion of the contract; and all stipulations contained therein, with certain exceptions hereinafter noted, are merged in the deed, although omitted therefrom. In Ohio, when a deed is delivered and accepted without qualification, the general rule is that the contract is merged in the deed; no cause of action upon the prior agreement then exists. The rights of the parties must be determined by the deed so given in execution of the prior agreement, unless the elements of fraud or mistake are involved, or perhaps, unless the deed was accepted under protest and with a reservation of the right to insist upon a strict adherence to the terms set forth in the prior agreement. The office of the deed is to execute the contract on the part of the vendor."

Does the provision, "Seller specifically warrants there are no assessments nor easements on above property" come within any of the exceptions to the general rule? This is the basic question raised by the appellants in their appeal.

The answer to this question depends upon the import of the language used. Is it a covenant that runs with the land or is it a collateral and independent engagement by the vendors by which they assure the purchaser that "no assessments" appear against the parcel of land they are selling and to indemnify her should they be mistaken about the matter? It is our view that it is not a covenant that runs with the land because the language does not import a warranty upon which the sale of the property is contingent nor a stipulation which can only be satisfied and executed in the conveyance itself. It does not concern the title, occupancy, size, enjoyment, possession, or quantity of the parcel of land conveyed nor does it set down any condition or contingency upon which the sale of the property depends and which could only be satisfied by incorporation in the deed. Rather, the statement sets out a private stipulation under which the vendors specifically warrant that there are no assessments and, by clear implication, agree to save the purchaser harmless should there be such. It is an agreement, therefore, collateral to and independent of the main purpose of the transaction and obviously not intended to be merged in the deed. Moreover, its recitation in the deed would add nothing to nor detract anything from the same since the special assessments are certified to the auditor, are a lien on the land, and recorded. It is also patent that this specific warranty was a part of the consideration for the purchase price which was paid and under the circumstances calls for satisfaction apart from and in addition

to the conveyance of the land by deed. It is stated in 84 A. L. R., page 1009:

"A very general exception to the foregoing rule (general rule as to merger of contract in deed) relates to collateral stipulations incorporated in the contract but not in the deed. In this regard it is to be observed that a contract for a deed antedates the execution of the deed, and may, and often does, contain many provisions which the execution of the deed neither adds to nor takes away from. A deed is a mere transfer of the title, a delivery so to speak of the subject-matter of the contract. It is the act of but one of the parties, made pursuant to a previous contract either in parol or in writing. It is not to be supposed that the whole contract between the parties is incorporated in the deed made by the grantor in pursuance of, or as the consummation of, a contract for the sale of land. There are many things pertaining to the contract which it is manifest are never inserted in a deed." (Emphasis ours.)

In Reid v. Sycks, 27 Oh St 285, the Supreme Court stated the following at page 290:

"The obligation to pay the purchase money was not merged by the deed, which was only in performance on the vendor's part. This deed is to be considered part of the transaction, in connection with, and not to the exclusion of, the title bond. Both papers are parts of one transaction, and the rights of the parties must be determined by the terms of the whole contract. An executory agreement for the sale of lands is not satisfied and performed when the deed is made. The covenant to convey is performed by the conveyance; but covenants relating to other things than a mere conveyance are not thus performed or satisfied."

And at page 291:

"There is no presumption that a party, in giving or accepting a deed, intends to give up the covenants of which the deed is not a performance or satisgaction."

And in Saville v. Chalmers, 76 Iowa, 325, 41 N. W. 30, the Supreme Court stated in a case quite analogous to the instant case the following in the syllabus:

"A prior parol warranty as to the quality of land conveyed by an ordinary warranty deed is not merged in the deed, and for a breach of it the grantor is liable to the grantee in damages."

Also, see Dawson v. McKinnon, 226 Iowa, 756, 285 N. W. 258.

The Supreme Court of New Jersey in Janitscheck v. Melbro Realty Corp., 107 N. J. Law Rep., 450, 154 Atl. 749, in a case similar to the one here under consideration, stated in the syllabus:

"Clause in a contract for sale of real estate that 'all street assessments for the improvement of Liberty avenue are to be paid by the seller,' held, under the circumstances disclosed by the evidence, an independent agreement to save vendee harmless from an assessment laid for an improvement inaugurated or in immediate contemplation, and not merged by delivery and acceptance of the deed."

The great weight of authority supports this view.

Allen, Admr. v. Lee, 1 Ind., 58.

Brennan v. Schellhamer, 13 N. Y. Supp., 558.

Caveny v. Curtis, 257 Pa., 575, 101 Atl. 853.

Close v. Zell, 141 Pa., 390, 21 Atl., 770.

Culver v. Avery, 7 Wend. (N. Y.), 380.

Everett v. Gilliland, 47 N. Mex. 269, 141 P. 2d, 326.

**Fries v. Gannon, 9 Oh Ap 387.**

Goodspeed v. Nichols, 231 Mich., 308, 204 N. W. 122.

Green v. Batson, 71 Wisc., 54, 36 N. W., 849.

Levin v. Cook, 186 Md., 535, 47 Atl. 2d, 505.

Minor v. Edwards & Price, 12 Missouri, 137.

Monell and Weller v. Colden, 13 Johnson (N. Y.), 395.

Newton v. Middleton, 3 N. J. Mis., 157, 127 Atl. 580.

Siebros Finance Corp. v. Kirman, 232 App. Div., 375, 249 N. Y. Supp., 497.

Thompson v. Reising, 114 Ind. App., 456, 51 N. E. 2d 488, 84 A. L. R., 999, Section 198.

It would seem from the above, therefore, that the specific warranty as to assessments was not merged in the deed and that when the purchaser discovered that special assessments for installation of water pipes existed and that such assessments were a lien upon the property she had purchased from the vendors, the specific warranty, given by the vendors and included in the contract of sale, was breached and a cause of action accrued in favor of the plaintiff against the defendants.

We hold, accordingly, that a good cause of action is stated in the petition and that, therefore, the trial court was not in error in overruling the demurrer.

The joint answer of the defendant-appellants alleges, inter alia, that the agent of the plaintiff got them "to include the warranty that there were no assessments" when he knew that there were and they did not; that the offer this agent brought from the plaintiff was changed from $6,000.00 to $6,250.00 by the agent; that the plaintiff chose the escrow agent; that plaintiff's attorney drew the deed; that the deed was executed by defendants before plaintiff's agent delivered it to plaintiff; that plaintiff accepted the deed without objection or reservation and filed and recorded it; that the deed in part provides "* * * that the same are free from all encumbrances whatsoever except zoning ordinances and restrictions of record, taxes, both general and special, for the year 1957 and thereafter, which the grantee agrees to assume and pay * * *"; that the deed merged any pre-existing contract and fully discharged any liability of defendants under any such contract and under any warranties.

The reply of the plaintiff appellee admits that during negotiations the purchase price was increased from $6,000.00 to $6,250.00 and aver that the phrase, "Sellers specifically warrant there are no assessments nor easements on the above property" was written in by hand prior to the execution of the contract by the defendants; plaintiff denies that she or her agent had any knowledge of any special assessments; avers that the specific warranty against special assessments was part of the consideration for the increase in price; denies that the sale was consummated with an escrow agent of her sole choosing or that the plain-

tiff's attorney drew the deed; avers that the escrow agent was agreed upon by her and the defendants, that defendants prepared, executed and delivered the deed to the escrow agent, which agent then filed the same for record, that she was without any knowledge of the terms of the deed until it was returned to her subsequent to its recording; and denies that she accepted the deed as a merger or a variation of the terms of said purchase agreement "as a waiver of the terms of said agreement specifically warranting against assessments."

The pleadings in this case present all issues conceivably necessary to resolve the dispute between the parties in this action. Since there is no bill of exceptions, the evidence with respect to these issues is not before us. The presumption of law is that a judgment entered by a trial court properly resolved the issues in the pleadings according to the evidence and the law.

Upon a careful consideration of the record before us, we determine that no error prejudicial to the substantial rights of the defendant appellants is shown even should it be that the petition fails to state a good cause of action.

In **Yocum, Admr. v. Allen, 58 Oh St 280, 50 N. E. 909,** the Supreme Court stated in syllabus one:

"1. Where, in a cause pending in the court of common pleas a demurrer to a petition has been overruled, and upon issues made by answer and reply, the case has been tried to a jury and a verdict and judgment for plaintiff rendered, this court will not reverse the judgment, even though satisfied that the demurrer ought to have been sustained, provided it also appears, upon a consideration of the whole record, that the overruling of the demurrer was an error which was not prejudicial to the adverse party."

Judgment affirmed. Exceptions.

Order see journal.

HURD, PJ, concurs.

SKEEL, J, dissents.

## DISSENTING OPINION

By SKEEL, J.

This appeal on questions of law presents the following claims of error:

1st. The trial court erred in overruling defendants' demurrer to plaintiff's petition.

2nd. The trial court erred in overruling defendants' motion for summary judgment based on the petition and answer.

3rd. The trial court erred in entering a decision for the plaintiff.

The action is one based on a contract to sell real estate, it being claimed that the provisions of such contract, as to the assumption of certain special assessments for water lines by the grantor, were breached and that the defendant is indebted to the plaintiff in the sum of such unpaid assessments. The provision of the contract under consideration was: "Seller specifically warrants there are no assessments nor easements on above property." The petition alleges that subsequent to the

signing of the contract (in which such quoted provision was contained) for the sale of the property described therein, a warranty deed was signed by the sellers and delivered to and accepted and recorded by the buyer, whereby the property was conveyed to the plaintiff. There are no allegations as to the covenants of the deed dealing with "assessments or easements," the action being founded entirely on the contract. That the plaintiff accepted the deed cannot be disputed. It was filed for record by the escrow agent and title is now in the plaintiff with no attempt or allegation seeking to set it aside.

The defendants demurred to the petition, alleging that it did not state a cause of action. The court overruled the demurrer and after an unsuccessful attempt to secure a rehearing, the defendants filed an answer in which the grounds for the claim that the petition does not state a cause of action was alleged as a defense. The judgment was entered for the plaintiff after trial to the court.

This appeal, alleging the foregoing errors, is presented without the benefit of a bill of exceptions. We are, therefore, limited in considering the defendants' claims to the extent that they can be demonstrated on the face of the record.

An examination of the petition, giving it the benefit of the most favorable construction possible in plaintiff's favor, does not state a cause of action. The allegations show clearly that the agreement upon which the action is based was merged into the deed, which the plaintiff alleges she received and recorded. No reservations are pleaded. In the case of **Brumbaugh v. Chapman, 45 Oh St 368, 13 N. E. 584,** the court said in the first paragraph of the syllabus:

"1. A stipulation in a written agreement for the sale and conveyance of a certain tract of land, described as containing a designated number of acres at a given price per acre, is executed by the delivery of a deed from the vendor to the vendee, and its acceptance by the latter as in performance of the stipulation to sell and convey the land described in the agreement; and, in the absence of fraud or mistake, no recovery can thereafter be had upon it by the vendee of the vendor for a deficiency in the land conveyed; nor, upon the deed, unless it contains an express covenant as to the number of acres."

and on page 374, the court said:

"But (2) whatever may have been the rights of the vendee, under the agreement, for a deficiency in the land, he, as we think, has none now; for the reason, that, by the execution of the deed, the contract to sell and convey the land described in it, whether it was for a definite number of acres or not, was, so far as it embraced this particular stipulation, merged in the deed, and, to use the language of the books, became executed by it. Farmers' & Mechanics' Bank v. Galbraith, 10 Pa. St. 490; Haggerty v. Fagan, 2 Pen. & Watts, 533; Williams v. Hathaway, 19 Pick. 387; Kreiter v. Bomberger, 82 Pa. St. 59; **Ketchum v. Stout, 20 Ohio, 453.**"

The rule as thus stated has not since been departed from nor modified in this state and is supported by the overwhelming weight of authority. In the case of **Dependabilt Homes, Inc. v. The Grant Wayne Co., 169 Oh St 224, 158 N. E. 2d 358,** the court said in the syllabus:

"Where a contract for the sale of parcels of land contains after the word, 'Remarks,' the language inserted by the purchaser, 'Contingent—that all utilities are in and paid also contingent on F. H. A. approval. If improvements are necessary for such approval grantor to pay said improvements,' such provisions are of no effect if not incorporated in a deed which is subsequently accepted by the purchaser."

In 40 O. Jur., Par. 90, Vendor & Purchaser, beginning on page 1001, citing Ohio cases as authority, it is stated:

"* * * In Ohio, when a deed is delivered and accepted without qualification, the general rule is that the contract is merged in the deed; no cause of action upon the prior agreement then exists. The rights of the parties must be determined by the deed so given in execution of the prior agreement, unless the elements of fraud or mistake are involved, or perhaps, unless the deed was accepted under protest and with a reservation of the right to insist upon a strict adherence to the terms set forth in the prior agreement. The office of the deed is to execute the contract on the part of the vendor."

In Williston on Contracts, Revised Edition, Volume 3, Section 723, page 2058, the author states:

"* * * Whether the purchaser by accepting a deed conveying an inadequate title thereby assents to taking the deed as full satisfaction of the vendor's obligation is another matter; but unlike the rule in regard to personalty, there is here as a matter of law a discharge of the purchaser's rights in regard to the property which the deed purports to convey. The deed merges the contract and the purchaser has no redress except such as may be afforded under the covenants in the deed, unless fraud or mistake enables him to rescind the transfer or have the deed reformed. * * *"

In the case of Duncan v. McAdams (Ark.), 257 S. W. 2d 568, 38 A. L. R. 2d 1307, the second headnote provides:

"In the absence of mistake, misrepresentation, or fraud a contract for the conveyance of lands is deemed merged in a deed subsequently executed under the terms of the contract."

See also 38 A. L. R. 2d 1315, paragraph 3 under the heading "II General Principles A. Presumption that deed is final contract."

It is clear from the foregoing authorities that whatever action the plaintiff has must be upon the deed and if fraud or mistake has intervened, reformation must be sought as a prerequisite to the action pleaded by the plaintiff.

Even if the cases could be said to support the claim of the plaintiff that his action is on the contract because of mistake or fraud in not including the reservation of special assessments in the deed, such claim is not pleaded in the petition, nor by amendment after all the evidence was submitted on trial. (Sec. 2309.58 R. C.)

The plaintiff's claim that the provisions of the contract dealing with special assessments are collateral and need not be incorporated in the deed is likewise without legal foundation. Provision for the apportionment of the liability of the vendor and vendee for taxes and special assessments is traditionally a necessary part of the covenants of a deed

and in this case, where covenants dealing with assessments in the contract are said to be inconsistent with the covenants of the deed dealing with that question, there can be no question about it. In the case of Duncan v. McAdams, supra, the court said in its opinion, quoting from 55 American Juris. 756:

" 'In the absence of fraud or mistake, and in the absence of contractual provisions or agreements which are not intended to be merged in the deed, upon the acceptance of a deed tendered in performance of an agreement to convey, the written or oral agreement to convey is merged in the deed, the agreement to convey is discharged or is modified as indicated by the deed, the deed regulates the rights and liabilities of the parties. . . .'

"Again in 55 American Jurisprudence 758, the rule is stated:

" 'Although the lands embraced in the deed are not the identical lands described in the agreement, yet in the absence of evidence of mistake, misrepresentation, or fraud, if the purchaser accepts the conveyance, the agreement to convey is discharged.' "

The conclusion must be that the plaintiff's petition does not state a cause of action. This fact is determined by examining the allegations of the petition, for which determination a bill of exceptions is not necessary.

It seems to be claimed by the plaintiff that the defendants, having filed an answer and participated in the trial, waived the insufficiency of the allegations of the petition, and that if a bill of exceptions had been filed, it would show that the evidence established the necessary facts to entitle the plaintiff to recover, whereby substantial justice has been done. Plaintiff also questions whether defendants' appeal is from a final order.

As to the last of these claims, the final order appealed from in this case was the judgment entered by the court upon the trial of the issues presented by the pleadings. The appeal being from the judgment is therefore based on a final order. The first of these claims, that the defendants did not rest their case on the claimed error presented by the court's ruling on the demurrer and that by pleading to the issues, they waived the right thereafter to challenge such ruling, is not supported by the law. A defendant who at his first opportunity (or at any other time during trial), challenges the jurisdiction of a trial court by demurrer based either on the claim that the court is without jurisdiction of the subject matter or that it is without jurisdiction because the petition does not state a cause of action and the court overrules such demurrer, does not waive either of such claims by then pleading to the issues seeking his just or legal rights against the claim by answer and trial of the alleged cause of action, particularly where, as here, the defendants, as a defense, continue to assert their claim that the petition does not state a cause of action.

In the case of **Morgenstern v. Austin, 170 Oh St 113,** 162 N. E. 2d 849, the court said, on page 114 of the opinion:

"The principal question raised by this appeal is whether the trial court erred in overruling defendant's motion for a directed verdict made at the close of all the evidence.

"This raises the question as to whether plaintiff alleges and proved a cause of action against defendant. Plaintiff contends that defendant waived any question as to the sufficiency of the petition by failing to demur thereto. In this she is in error. The question as to whether the petition states a cause of action is not waived by failure to demur thereto but may be raised at any time during the trial of the action."

In this case the action was based solely on the ground of an attractive nuisance, which doctrine has been repudiated in Ohio. It was claimed, however, that the proof established trespass by the defendant, upon which grounds the plaintiff, without amending her petition, was allowed to recover. The Supreme Court, in reversing plaintiff's judgment, said on page 116 of the opinion:

"This section (referring to §2309.58 R. C.), however, requires an amendment to the pleading upon which the party relies. It is not self-executing or a cure-all. If a party wishes to take advantage of it the burden is on him to so amend. Where a party pleads one cause of action but proves another, he must amend his pleading to conform to the proof, and, if he fails to so amend, there is a failure of proof and a verdict must be directed against him.

"Thus, in the present case, plaintiff pleads a cause of action based on attractive nuisance, a theory upon which she cannot recover in Ohio, while the proof, according to plaintiff, established trespass by the defendant. Since plaintiff failed to amend her pleading to conform to the proof, she has failed to establish grounds upon which she can recover, and it was the duty of the trial court on proper motion by the defendant to direct a verdict in his favor."

See also, **Gibson v. Construction Co.,** 163 Oh St 220, 126 N. E. 2d 326; and **State, ex rel. Rhodes v. Solether,** 162 Oh St 559, 124 N. E. 2d 411.

This principle of law is supported by the overwhelming weight of authority. To cite but a few of the many authorities, attention is called first to Davis v. Rhodes et al, 231 N. C. 71, 56 S. E. 2d 43, where, in the third paragraph of the syllabus, the following is stated:

"Right to demur where the complaint contains a defective statement of a good cause of action is waived by filing answer, but demurrer to a statement of a defective cause of action is not waived by answer, but may be made at any time before final judgment."

The first clause of this paragraph would apply to the cases relied on by the plaintiff hereafter considered while the second clause is a good statement of the law of this case.

In the case of Rivers v. Pastro, 11 Alaska Reports, 491, the first paragraph of the syllabus provides:

"A demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action is available at any time and is never waived."

In the case of Eklund v. Elwell, 211 P. 2d 849 (Supreme Court of Utah 1949) 116 Ut. 521, the third paragraph of the headnotes provide:

"A failure to allege a cause of action is an objection that may be raised at any time."

And in the case of Penaat v. Guasco, 191 P. 2d 564, 84 Cal. App. 2d 445. the third paragraph of the headnotes provides:

"The failure of a complaint to state a cause of action may be raised at any time even on appeal, because the question is jurisdictional."

The case of **Bozzelli v. Industrial Commission, 122 Oh St 201, 171 N. E. 108,** is an appeal from the refusal of the Industrial Commission to permit the claimant to participate in the insurance fund, which decision was appealed to the court of common pleas. Pending the appeal, the claimant died and the cause was revived in the name of his administratrix. Under the Workmen's Compensation Act, an administratrix of a deceased employee could not maintain an action to recover disability benefits. Under the Constitution and laws enacted pursuant thereto, compensation is payable to two classes: (1) the living employee, and (2) his dependents after death. His estate has no interest therein. No objection was interposed before or during trial. The court held in the fourth paragraph of the syllabus:

"Failure to object to a petition by demurrer, on the ground that it does not state facts showing a cause of action, does not waive the objection, which may be asserted at any stage of the case—by a motion for directed verdict or by a motion for new trial containing an assignment that the verdict is contrary to law."

In Gardner's Bates "Ohio Civil Practice" Volume 1, paragraph 9.15 at page 257, it is said under the title "Failure to object by demurrer or answer waives defect; exceptions:"

"If the defendant fails to object to the petition either by specific demurrer or by answer, on account of the defects which are given as grounds for specific demurrer, he waives them; but he does not thereby waive the grounds given for general demurrer, namely, that the court has no jurisdiction of the subject of the action or that the petition does not state facts which show a cause of action.

"If the court has not been empowered by law to entertain and decide an action involving the subject matter of a particular case, its judgment would, in general, be void. Likewise, if the petition does not state facts constituting a cause of action, no valid judgment could be rendered thereon. A petition which does not state facts constituting a cause of action is equivalent to no petition at all. The parties cannot, therefore, ordinarily waive either requirement."

This statement of the law is supported by the fourth syllabus of the case of **Spoors v. Coen, 44 Oh St 497, 9 N. E. 132,** where it is said:

"The judgment of a court upon a subject of litigation within its jurisdiction, but not brought before it by any statement or claim of the parties, is null and void, and may be collaterally impeached."

The cases cited by the plaintiff are easily distinguished and are not authority in support of the law based on the undisputed facts of the case here presented. The first syllabus of the case of **Dayton Insurance Co. v. Kelly, 24 Oh St 345, 15 A. R. 612,** provides:

"Where the defect in a petition to which a demurrer has been overruled consists in the omission to aver the performance of a condition precedent in the contract sued on, and it appears from the subsequent pleadings and record, that the defendant was not prejudiced thereby, the judgment will not be reversed."

In explanation of the above conclusion, the court says in its opinion on page 357:

"* * * Now, we are all agreed that the defects in the petition, whatever they be, were supplied by averments in the answer and reply: so that, upon the whole record, we find that the defects in the petition did not affect any substantial right of the defendant below. Thus, if the plaintiff should have averred in the petition that a regular policy had not been issued, etc., the want of such averment was supplied by an allegation to that effect in the answer, which was not denied in the reply. And again: if the petition was defective in not averring the performance of conditions precedent, the defect was cured by the averment in the answer, that such conditions (naming them) had not been performed by the plaintiff, followed by averments in the reply, that they had been performed, or that the performance had been waived by the defendant. 8 Oh St 293."

From these observations, it must be concluded that the court held that the shortcomings of the petition (which did not include the failure to state a cause of action) were supplied by the answer as admitted by the reply so that in taking the pleadings as a whole, a good cause of action was stated. If this is not so, then the case is in direct conflict with later pronouncements of the Supreme Court above cited on the legal effect of the complete failure of a petition to state facts sufficient to make out a good cause of action.

In the case of **Yocum, Adm. v. Allen, 58 Oh St 280**, 50 N. E. 909, the court said in the first paragraph of the syllabus:

"Where, in a cause pending in the court of common pleas a demurrer to a petition has been overruled, and upon issues made by answer and reply, the case has been tried to a jury and a verdict and judgment for plaintiff rendered, this court will not reverse the judgment, even though satisfied that the demurrer ought to have been sustained, provided it also appears, upon a consideration of the whole record, that the overruling of the demurrer was an error which was not prejudicial to the adverse party."

This was an action by the administrator of the deceased wife of the defendant for money "had and received," claiming the wife had loaned the defendant husband $1119.00 with interest from January 11, 1879. A demurrer was filed to the petition which was overruled and an answer of the husband was then filed which admitted receiving the money but claimed a gift. Two questions were presented: (1) that the attempted statement of indebtedness is so defective as not to amount to a statement of a cause of action; and (2) on the face of the petition the action is barred by the statute of limitations. The latter contention was found not to be true under the statutes then in effect. The first question was based entirely on the claim that a legal indebtedness is not disclosed because the word "indebted" will not answer for the word "due." Under such circumstances, where the answer admitted receiving the money and the controversy is only as to the use of the right word where no misunderstanding could possibly result, a court would be compelled to hold no prejudice resulted. This is quite different from the case now before us where the action is founded on a non-existent contract having merged

by the almost universal law of the land into a more formal instrument by the consent of the plaintiff and as contemplated by its provisions and purposes with no claim pleaded of any reservations or facts that would revitalize its existence.

The case of **Putnam v. Board of Commissioners, etc., 102 Oh St 45,** 130 N. E. 165, involved the sufficiency of the petition seeking recovery for balance due for constructing an improvement under a contract with the commissioners. The defendant moved that the court require the plaintiff to make his petition more definite and certain in the respects set out in the motion. The motion was overruled. A demurrer is not involved here as none was filed. The court said in the first paragraph of the syllabus:

"Where a defect in a petition, to which a motion or a demurrer has been erroneously overruled, consists in the omission to plead the performance of a condition precedent in a contract sued on, or that such performance was prevented by the defendant, and it appears from the record that the omitted facts were properly put in issue by the answer and reply, and that the defendant has not been prejudiced, the judgment will not be reversed on error."

The court said on page 54 of the opinion:

"The rule is well settled that where such a defect in a petition has been cured by the subsequent pleadings, and it appears from the record that the overruling of a motion or demurrer touching such defect was not prejudicial to the adverse party, the judgment rendered on the pleadings and evidence will not be reversed on error. **Dayton Ins. Co. v. Kelly, 24 Oh St 345; Yocum, Admr. v. Allen, 58 Oh St 280, and Union Ins. Co. v. McGookey & Moore, 33 Oh St 555.**"

This case follows those above considered and for like reasons is not in point on the questions presented in the present proceedings.

The case of **Schaefer v. First National Bank of Findlay, Ohio, 134 Oh St 511, 18 N. E. 2d 263,** does not disclose the basis of previous rulings on the pleadings. All that is said is found on pages 514 and 515 of the opinion, where the court said:

"Many questions were raised on the pleadings, and rulings thereon were assigned as error. When a decision is made by the trial court on the evidence, and judgment entered accordingly, errors previously committed in passing upon demurrers to pleadings are unavailing unless prejudicial. **Putnam v. Board of Commrs. of Paulding County, 102 Oh St 45, 130 N. E. 165; Yocum, Admr., v. Allen, 58 Oh St 280, 50 N. E., 909; Dayton Ins. Co. v. Kelley, 24 Oh St 345, 15 Am. Rep., 612.**"

The cases cited in the Schaefer case have already been distinguished from the case now before us and there is nothing presented that goes beyond the cases ruled on by the court. The questions involving the pleadings are not referred to in the syllabus.

As only a portion of the allegations of the pleadings have been analyzed above, it will be helpful to present a complete statement of their provisions.

The petition alleges that defendants were owners of property therein described until the execution of an agreement for its sale to the plaintiff.

It is alleged that the City of Westlake levied certain special assessments against the property for water lines in the sum of $91.76 per year for the tax years of 1952 to 1961, inclusive. That the purchaser agreed to pay $6250 and the defendant by the agreement (which is the basis of this action), "specifically warranted that there are no assesments upon said premises." The plaintiff alleges that the consideration was paid and that the defendants conveyed said real property to the plaintiff (the present owners) by deed filed for record July 8, 1958, as Cuyahoga County Recorder's Instrument No. 227372. The action is for $367.04, the total of the assessments for the years 1958 to 1961, inclusive.

The answer admits ownership of the property until it was conveyed to plaintiff by deed executed by the defendants and accepted by the plaintiff.

By answer, the defendants admit that the City of Westlake levied special assessments for a water line of $91.76 per year from 1952 to 1961, inclusive. Defendants allege that the plaintiff's agent, Roger E. Clingman, brought the offer of the plaintiff to purchase said property for $6,000 but that after negotiations, the price was changed to $6250 upon authority vested in him by the plaintiff. It is further alleged that Clingman, as agent of the plaintiff, knew of the special assessments but that defendants had no knowledge thereof and did not believe that special assessments had been certified against the property and that said Clingman (plaintiff's agent) changed the contract to include a warranty against special assessments and induced the defendants to sign the contract without informing the defendants of such assessment.

Defendants further allege that the transaction was put in escrow with an agent of plaintiff's choosing, plaintiff depositing $6250 and defendants, the deed executed by them, having been prepared by plaintiff's attorney, which was recorded by plaintiff and accepted by her as full and complete execution of the contract without reservations. The defendants then set forth the warranties of the deed which do not include a covenant against special assessments.

The defendants then restate their claim that the deed was accepted by the plaintiff in full satisfaction of the contract upon which plaintiff's action is based and prays that plaintiff's petition be dismissed.

The plaintiff's reply admits that by negotiation her offer to buy the property was modified to $6250; that the specific warranty against special assessments was inserted in the contract prior to its execution by the defendants. The plaintiff denies any knowledge of the assessments for water lines and denies that Clingman had knowledge thereof. It is alleged that plaintiff is without knowledge of defendants' information as to such assessment and alleges that the covenant against such assessments was put in the contract as a consideration for the increase in price. Plaintiff denies that the escrow agent was of plaintiff's sole choosing or that plaintiff's attorney drew the deed but alleges that the escrow agent was chosen by the consent of the parties; that the deed was prepared and executed by the defendants and delivered by them to the escrow agent and then the escrow agent filed the deed for record as conforming to the terms of the purchase agreement. The plaintiff alleges that she was without knowledge of the terms of the deed until

it was returned to her by the escrow agent, and, that she did not accept the deed as a merger or variation of the terms of said agreement specifically warranting against special assessments.

Giving the plaintiff's reply its most favorable interpretation in her favor, the most that can be said for it is that she claims she did not intend to merge the terms of her contract to purchase into the deed. Certainly her secret intention could not be binding on the defendants. No claim of fraud or mistake is set out and the petition was not amended to make available a cause of action to reform the deed because of fraud or mistake.

The filing of a reply in our system of pleading is set out in §2309.24 R. C., which provides:

"When an answer contains new matter, the plaintiff may reply to it, denying generally or specifically each allegation controverted by him. He also may allege, in ordinary and concise language, new matter, not inconsistent with the petition, constituting an answer to such new matter."

It was held in the case of **Durbin v. Fisk, 16 Oh St 533,** that it is not the province of a reply to introduce a new cause of action as this can only be done by petition. It is also stated in this case that a new cause of action in a reply is a departure and will be stricken out on motion, and the plaintiff is entitled to recover only on the cause of action set up in his petition. See also **Middleport Woolen Mills Co. v. Titus, 35 Oh St 253.**

In the case of **Water Dept. Co. v. Defiance, 68 Oh St 520,** 67 N. E. 1052, the court said on **page 522** of the opinion:

"There are averments in the reply of unfitness of the water supplied and of the mains, pipes and hydrants being stopped with mud; but these cannot be considered as a ground for injunction in this case because the plaintiff can only recover on the cause of action stated in the petition. **Durbin v. Fisk, 16 Oh St 533.**"

The office of a reply is to put in issue new matter set out in the answer not to restate the cause of action, if one is stated in the petition, or to supply necessary allegations to make a petition good where otherwise it is subject to demurrer for failure to state facts sufficient to make out a cause of action.

In the case of **Mehurin v. Stone, 37 Oh St 49,** at **page 58** of the opinion, Justice Boynton said:

"An exception to this rule is said to prevail in actions by an indorsee against the indorser of a promissory note, where evidence of a waiver of demand and notice is held admissible and sufficient to support an allegation that demand was made, and notice given. Harrison v. Baily, 99 Mass. 620; Pugh v. McCormick, 14 Wall. 374; 2 Greenl. Ev. Para. 197. See **Myers v. Standart, 11 Oh St 29.** Also, Burgh v. Legge, 5 M. & W. 418. But in other cases the rule prevails requiring the plaintiff to plead the facts necessary to establish the right to recover. And it is no answer to a failure to plead the necessary facts to say that evidence tending to show a waiver was admitted, without objection; for let this be so, and still it was not the right of the plaintiff under the issue to

have the effect of such evidence determined by the jury. To entitle a party in such case to have the evidence considered as a matter of legal right, he should amend his petition."

The conclusion must follow from the record before us that the petition does not state a cause of action, that having unsuccessfully objected to its sufficiency, the defendants were clearly within their rights to answer to the supposed issues and participate in the trial, and in so doing, did not waive the right to test that question after judgment by motion for new trial or on appeal. The entry should be, therefore, judgment reversed as contrary to law for overruling demurrer, and cause remanded with instructions to sustain such demurrer, and for further proceedings according to law.