RHENISH ET, PLAINTIFFS-APPELLANTS, *v.* DEUNK ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26512.   Decided October 24, 1963.

Mr. *Richard H. Woods*, for plaintiffs-appellants.
Mr. *Clifford E. Bruce*, for defendants-appellees.

SKEEL, C. J.  This appeal comes to this court on questions of law from a judgment entered for the defendant after a partial trial in the Municipal Court of Garfield Heights.  The first cause of action alleges that the plaintiff purchased certain property located at 7191 Greenleaf Avenue in the City of Parma.  In 1955 Greenleaf Avenue was paved and the cost of such improvement was charged to abutting property owners in proportion to the benefits.  The sellers, it is alleged orally or by verbal contract, agreed to pay that part of the cost of such improvement assessed against the property and in the written agreement of sale and purchase entered into between the parties, it was agreed:

''Any respread of taxes or special assessments assessed against, or chargeable, as of the date of the filing of the deed for record are to be paid by the sellers.''

The deed was filed for record on June 8, 1956.  It is alleged that the legislation authorizing the improvement was commenced by passing a resolution on March 14, 1955, declaring the necessity therefor, and that the improvement was contracted for and completed on or about November 2, 1955; that the amount assessed against the property purchased was certified to the County Auditor April 8, 1957, the amount being $797.20; and that since that date plaintiff has been compelled to pay each yearly installment as provided by law to the date of filing this petition.  The prayer of the first cause of action is for judgment of $797.20 with interest for the total amount of the assessment levied against the property.

The second cause of action seeks reformation of the purchase agreement in the event relief pursuant to the first cause of action is denied, it being pleaded that the purchase agreement mistakenly omitted to provide that the transaction was contingent upon the procurement of an F. H. A. loan which would require that any special assessments be paid by the seller.  It is not inconceivable that the action in equity might have been considered by the court as seeking to amend the deed to conform to the written agreement on the ground of mistake, as well as the mistake pleaded.

The third cause of action seeks specific performance of the sales agreement as modified and corrected under the allegations of the second cause of action.

The defendants' answer admits offering the property for sale and the executing of the purchase agreement as pleaded by plaintiffs, which agreement contained the provision requiring the defendants sellers to pay respread taxes and special assessments chargeable as of the date of filing the deed. The defendants deny any oral or verbal agreement to pay such special assessments for the construction of the pavement. It is alleged that in the negotiations defendants lowered the asking price in an amount estimated to be that of the cost of the pavement to be assessed against the property. It is also alleged that the assessment for paving was not made until April 8, 1957. The defendants deny that there was a mistake in the sales agreement and allege that the assessments were not made until after transfer of title and that the plaintiffs, having accepted the deed which provided that the grantees assume and agree to pay all special assessments for the first half of 1955 and thereafter, and the settlement of the transaction through the offices of the escrow agent, the rights of both parties under the sales agreement were concluded. All of the affirmative allegations and new matter set out in defendants' answer in conflict with the allegations of plaintiffs' petition are put in issue by reply.

The facts, as admitted by the pleadings and not otherwise put in dispute, are that the plaintiffs and defendants entered into a contract for the sale and purchase of defendants' house and lot at 7191 Greenleaf Avenue, Parma, Ohio; that said agreement contained a provision that defendants would pay any respread taxes and any special assessments "chargeable" as of the date of filing the deed to the property, that the deed was filed June 8, 1956, that the defendants early in 1955 were advised of the purpose of the City of Parma to pave Greenleaf Avenue, and that the legislation, as required by law, was passed and the work contracted for and completed during the year 1955, the legislation providing that the cost was to be assessed against the abutting property according to benefits.

That the assessments were a matter of concern in this transaction is clearly evident from the defendants' answer wherein the allegation is made that the asking price was reduced in the estimated amount of what the assessment for the paving might be. This would, of course, be a clear admission

that this subject was before the parties prior to the signing of the contract in which the price was fixed. The promise of the sellers to pay the special assessments "chargeable" as of the date of filing the deed as contained in the agreement admittedly signed by defendants is wholly inconsistent with the defendants' answer that such special assessments were assumed by the sellers by reducing the "asking price." The listing card of the real estate agent also shows that the special assessments were a subject of concern to the seller.

The bill of exceptions certified by the trial court, while it does not contain a certificate by the trial judge that it contains all of the evidence, does set out the exhibits received in evidence, including the deed filed June 8, 1956, which provides that taxes, both general and special, payable for the first half of the year 1955 and thereafter shall be assumed by the buyers; the sales agreement dated March 28, 1956, which contains the provision that the sellers will pay special assessments "Chargeable" prior to filing the deed; the application for a Home Loan Guarantee or Insurance; a notice from the county that the special assessment for the paving against the property was $797.20, which notice was mailed November 26, 1962; the listing agreement dated February 29, 1956, containing a note that the buyer is to be required to assume special street assessments when levied; and a letter from the City of Parma saying assessment for paving would be "about $17.00 per foot." Since the lot was fifty feet wide facing on Greenleaf Avenue, the estimate was, therefore, $850.00. The escrow agreement was included in the exhibits, together with the settlement sheet showing no deductions from the sales price for paving costs. There is also a letter from the City of Parma fixing the date of service of notice on defendants of the Resolution of Necessity passed April 18, 1955, as the authority to provide paving in the interest of public health and safety and as the authority to assess property on Greenleaf Avenue as benefited by the improvement, and a letter from the Cleveland Trust Company, dated March, 1959, to the plaintiffs stating that payments on the mortgage would have to be increased to take care of paving assessments, and finally, all of the legislation of the City of Parma dealing (among other improvements) with the paving on Greenleaf Avenue which conclusively shows that the special assessment

for such paving became "chargeable" on the property before the date of filing the deed.

The remaining evidence consists of proffers as to what certain witnesses would have said if objections to the proffered evidence had not been sustained. The first of the witnesses whose testimony was thus described in the record was the employee of the Cleveland Trust Company who handled the escrow transaction and who would have testified as to the top purchase price limit imposed by the F. H. A., the appraisal being $16,000.00 which was the sales price and for that reason would not include or permit special assessments to be paid by the buyer over that amount. The refusal to permit this witness to testify as to relevant matters was prejudicial error since he was the agent of both parties. The next witness was the real estate agent who was clearly the agent of the defendant and was subject to cross-examination by the plaintiff on all relevant matters. (Section 2317.52, Revised Code.) The refusal to permit this witness to testify on matters clearly relevant to the issues was error prejudicial to the rights of the plaintiffs.

The court then put the plaintiffs and defendants and the real estate agent under oath and permitted counsel to state what their clients would say at the conclusion of which statements the court announced that the plaintiffs had not made out a case. It was, however, stated by the court that the court would write a statement of its construction of the facts and issues of the case and based upon this, briefs were to be filed. Thereafter, and after judgment was entered for the plaintiffs on March 1, 1963, the plaintiffs requested conclusion of facts and law which the court filed on March 13, 1963, although the request therefor was not timely made. They are now, however, a part of the record.

The finding of facts listed the exhibits and the contract relations as above outlined between the parties and the uncontroverted allegations of plaintiffs' petition.

The conclusions of law are that because the plaintiffs accepted a deed whereby they assumed and agreed to pay the special assessments for the first half of 1955, that whatever agreement on the subject as was set out in the purchase agreement or by an oral agreement, if made thereafter (plaintiffs'

evidence on this question having been excluded) was of no legal effect because of the failure to recite such provisions in the deed. The court cites *Dependabilt Homes, Inc.* v. *Grant Wayne*, 169 Ohio St., 224, 158 N. E. (2d), 358, as the authority for the judgment entered for the defendant.

The plaintiff claims the following errors:

"1. The court erred in making its twelfth finding that plaintiffs accepted the settlement of the escrow without protest.

"2. The court erred in finding that plaintiffs had made no claim for assessments for more than six (6) years after settlement of the escrow.

"3. The court erred in sustaining defendants' objection to evidence proffered that the Cleveland Trust Company, escrow agent, would not grant a loan to plaintiffs to include the payment of these assessments, and other details of the loan, as set out in the sixteenth finding of fact and in the bill of exceptions.

"4. The court erred in sustaining defendants' objection to evidence proffered that the testimony of Mr. Bales of R. A. Gall Realty Co., agent of the defendants, would be to the effect that defendants agreed to pay this assessment, as set out in the seventeenth finding of fact and in the bill of exceptions.

"5. The court erred in making its second conclusion of law that an oral agreement to pay the assessment is unenforceable.

"6. The court erred in making its third conclusion of law that an agreement to pay the assessment written into the purchase agreement and not appearing in the deed is merged into the terms of the deed.

"7. The court erred in making its fourth finding of fact that law and facts of the case are controlled by *Dependabilt Homes, Inc.* v. *Grant Wayne Company* (1959), 169 Ohio St., 224, denying recovery.

"8. Other errors manifest from the face of the record."

The record, as partially described above, shows that the court refused to permit the plaintiffs to present their case. Not only the issues of fact as set out in the first cause of action which the court took under advisement were determined without trial but also the issues in equity set out in the second and third causes of action which were at issue but were completely

brushed aside without trial. For this reason alone, the judgment must be reversed and cause remanded for further proceedings. This conclusion, in a general way, disposes of the first three claims of error. The refusal to permit plaintiffs to call defendants' real estate agent as a witness, as above indicated, was also error prejudicial to the rights of the plaintiffs. Section 2317.52, Revised Code.

Considering now the contention that the original sales contract was merged into the deed which failed to note the obligations that the grantors were obligated under the sales contract to pay the special assessments levied against the property for the paving of Greenleaf Avenue, the court's judgment, as indicated by the conclusions of law, was based on the law of the *Dependabilt Homes case, supra.* In that case the contract contained certain contingent conditions which were not carried into the deed. The Supreme Court said:

"Where a contract for the sale of parcels of land contains after the word 'Remarks,' the language inserted by the purchaser, 'Contingent—that all utilities are in and paid also contingent on F. H. A. approval. If improvements are necessary for such approval grantor to pay said improvements,' such provisions are of no effect if not incorporated in a deed which is subsequently accepted by the purchaser."

The basis of this decision seems to be that contingent provisions in a sales agreement for the sale of land if not carried into the deed executed in furtherance of the sales agreement, then such contingencies must have been waived. The promise to pay the special assessments in the case at bar was not based on a contingency. The only contingency set out in the sales agreement was as follows:

"This offer is subject to the purchaser obtaining approval of a G. I. Loan guaranteed through the Veterans Administration or deposit refunded."

Under the *Dependabilt Homes case,* the acceptance of and filing of a deed to the property would waive the condition of securing a G. I. Loan guaranteed through the Veterans Administration. The obligation to pay the assessments for paving, under the facts in this case, created no such contingent liability. It was collateral in character. The obligation to pay the assessed paving costs was as definite and certain as the obliga-

tion to pay the purchase or sales price. The law of the *Dependabilt Homes case* is not in point but instead the rule of law of the case of *Mayer v. Sumergrade*, 111 Ohio App., 237, 167 N. E. (2d), 516, 83 Ohio Law Abs., 582, is applicable under these facts. The second paragraph of the syllabus provides:

"2. A provision in a contract for the sale of real estate, whereby the 'seller specifically warrants there are no assessments nor easements on above property,' is an agreement collateral to and independent of the main purpose of the transaction, is not merged in the deed and for a breach of it, a cause of action accrues in favor of the purchaser against the vendor."

The fact that the escrow settlement was concluded without concern for the special assessments for paving is of no consequence. At the time of the closing of the escrow, although then legally "charged" against the property, the amount of the paving assessment had not then been determined and while the escrow agent might be held accountable for not protecting the purchaser under the contract, its failure to do so cannot be held to affect the purchaser's rights or the seller's obligation under the sales agreement.

For the foregoing reasons, the judgment entered for the defendant is reversed and the cause remanded for further proceedings according to law.

KOVACHY and SILBERT, JJ., concur.